## HOLZSCHUHER et al. v. WURZBACH.
### (No. 7673.)

(Court of Civil Appeals of Texas. San Antonio. July 5, 1926.)

**1. Elections ⚏121(1).**

County Republican executive committee *held* unauthorized to apportion $7,499.50 of costs of primary election to candidate for nomination to Congress, under Rev. St. 1911, art. 3104, as amended by Acts 1923, 3d Called Sess. c. 14, and Rev. St. 1925, arts. 3108, 3116, 3117.

**2. Elections ⚏121(1)—Authority of county executive committee to require payment of portion of costs of primary election from one desiring to become candidate will be strictly construed.**

Authority conferred by statute on county executive committee to require payment of certain portion of costs of primary election from one desiring to become candidate will not be extended by inference to apply to candidates for offices not mentioned in statute.

**3. Elections ⚏121(1).**

No part of expenses of county primary can be apportioned by county committee to any candidate for any office in district composed of more than one county.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Application by Harry Wurzbach against A. R. Holzschuher and others for mandamus to compel the county Republican executive committee to place his name on the ballot and to enjoin them from making an assessment against him. From judgment granting writ, defendants appeal. Affirmed.

Eskridge & Williams, of San Antonio, for appellants.

Powell & Green and Cunningham & Moursund, all of San Antonio, for appellee.

FLY, C. J. It is disclosed by the facts that the Republican executive committee of Bexar county, endeavoring to comply with the law as to primaries, appointed a committee of five to apportion the cost of the primary of the Republican party among its candidates for nomination to different offices. Only two candidates applied for a place on the Republican ballot, and both of those, aspirants for the nomination to Congress in the Fourteenth congressional district. The sum of $7,499.50 was apportioned to each of the candidates. Appellee refused to pay the part apportioned to him, and the committee determined that his name could not be placed on the ticket in the absence of payment of the assessment on or before June 28, 1926. Appellee applied for a mandamus to compel the executive committee to place his name on the ballot and to enjoin them from making an assessment against him. The writ was granted by the district court.

[1] It is provided in article 3108, Vernon's Annotated Revised Civil Statutes of 1925, that at the meeting of the county executive committee, provided for in article 3117, that is, on the third Monday in June preceding the general primary, the cost of the primary, items of which are enumerated, shall be apportioned; and—

Such committee "shall apportion such cost among the various candidates for nomination for county and precinct offices only as herein defined, and offices to be filled by the voters of such county, or precinct only (candidates for state offices excepted), in such manner as in their judgment is just and equitable, giving due consideration to the importance and emoluments of each such office for which a nomination is to be made, and shall, by resolution, direct the chairman to immediately mail to each person whose name has been requested to be placed on the official ballot a statement of the amount of such expenses so apportioned to him, with the request that he pay the same to the county chairman on or before the fourth Monday in June thereafter."

That article was enacted in 1905 and has never been changed or amended, and, eliminating the utterly unnecessary and uncalled for parenthetical phrase as to state officers, is thoroughly plain and simple. It authorizes the levy of assessments by the county executive committee on "the various candidates for nomination for county and precinct offices only, * * * and offices to be filled by the voters of such county, or precinct only." There is no room for construction of the language of the statute, and unless supplemented by additional authority to the executive committee to apportion parts of the cost of primaries to other officers than those specifically mentioned, the executive committee has no power or authority to apportion and demand costs from other candidates. Prior to 1923, there was a provision of the statute, article 3104, which provided that "no candidate for a state or district office, unless such district is composed of one county only, shall be required to pay any portion of such cost, unless the executive committee of the county shall so direct; but in no event shall more than one dollar a piece be assessed against any such candidate for a state or district office, unless such district is composed of one county only." That article taken in connection with the old article 3094, now article 3108, left no doubt as to the powers granted county executive committees in fixing the amounts to be paid by each candidate. In 1923 (Acts 1923, 3d Called Sess. c. 14) article 3104 was amended for the purpose, as stated in the caption, of providing that no candidate for state senator or representative shall be required to pay more than $1 as his portion of the estimated expense of a primary and providing that candidates for United States senator and congressman at large shall be required to pay $100 and no

more to secure a place on the primary ballot. No mention is made of candidates for district offices, whether congressional or judicial, and no authority is given for levying an assessment on candidates for district offices, except as indicated in article 3108, without such mention no exception or addition is made to the list of officers that can be assessed by the county executives, mentioned in 3108, that is, candidates for nomination for county and precinct offices only and offices to be filled by the voters of such county or precinct only.

[2] The authority to require payment of a certain portion of the costs of a primary, conferred on an executive committee, is one which should be strictly scrutinized and never be extended by implication. The power to take a voter's property when he desires to exercise the American privilege of becoming a candidate is an extraordinary one and should not be extended by inference or implication. The statute gives the power to levy tribute on candidates for certain offices, but fails to mention others, and we do not think it permissible to hold that because some candidates are assessed for the privilege of running for office, county executive committee should have unbridled license to confiscate the property of candidates seeking nomination for offices not specified or named in the statutory grant to assess the costs of a nomination. It is more reasonable to conclude that by failing to name certain offices, such offices were not intended to be included with those to be taxed.

The extraordinary, almost arbitrary power placed in the hands of county executive committees to levy tribute on every candidate for any county and precinct office will not by baseless interpretation be extended to district offices not named in the statute in any manner. Such power could be exercised in such a way as to take in advance every dollar that would be realized from the salary pertaining to the office. That is clearly exemplified in this case where a county executive committee has required of a citizen desiring to seek the nomination of his party for a seat in the house of representatives of Congress, the payment of three-fourths of the salary attached to the office for one year. This for Bexar county alone, and there are ten other counties with the same authority as the executive committee in Bexar county, which, if exercised in the same extravagant way as has been attempted by Bexar county, would seize every dollar of salary attached to the term of two years, for which the appellee seeks the nomination. The Legislature would not have conferred such arbitrary power on political executive committees had it legislated on the subject. It would be a practical denial to a candidate to have his name on the ballot. No such authority is given, and this court will not read any such authority into the statute.

It is true that it is provided in the amendment of 1923 that no person's name shall be placed on the ballot of a district, county, or precinct office who has not paid to the county executive committee the amount of the estimated expenses of holding the primary, apportioned to him by the county executive committee as hereinbefore provided. The only provision made for apportionment to a nomination for a district office thereinbefore provided could not be applicable to district offices unless in districts not having more than one county. No provision is made in article 3108, the only statute granting the power to county executive committees to levy assessments on candidates in primaries, for requiring any person who desires a nomination for a district office to pay for his part of the estimated cost of holding the primary except where the district is confined to one county. To show that certain offices usually classed as district offices, whose districts are formed from only one county, are included along with county and precinct offices, article 3108 provides that not only such county and precinct offices may be assessed, but provides also for apportioning a part of the cost to candidates for "offices to be filled by the voters of such county or precinct." The only officers to be elected by the voters of a county, except the county officers, are the district officers whose districts are wholly within the county. Under this construction it becomes clear that the only district offices referred to in article 3116, in connection with the provision for payment of assessment as a condition to being placed on the ballot at the primary, are those district officers, such as district judges and district attorneys, whose districts are comprised in one county. This is the reasonable construction to be placed upon the language of articles 3108 and 3116.

[3] There is no authority found in the statute for apportioning a part of the expenses of a county primary to any candidate for any office in a district composed of more than one county.

In the face of provisions of law permitting assessments against only certain candidates, no inherent right of a political party to supplement the statute can be permitted. The statute has provided that costs may be apportioned to candidates for county and precinct offices only, and to officers elected by the voters of single counties, and this statute cannot be amended or overturned by any inherent powers supposed to be lodged in political committees.

This court does not hold that the Election Law must be enforced in the letter and not in the spirit, but merely holds that a county executive committee cannot assume and exercise powers not only not specifically granted but prohibited by statute. The scope of this decision is confined to the powers of county committees in apportioning costs pertaining to primary elections.

The judgment of the district court is affirmed.