## LANE v. SANDERS et al.

### No. 3086.

Court of Civil Appeals of Texas. Beaumont.

July 3, 1936.

Rehearing Denied July 3, 1936.

Lane and Anderson, of Center, for relator.

Sanders & McLeroy, of Center, for respondents.

COMBS, Justice.

The relator, a candidate for the Democratic nomination for the office of district attorney of the 123d judicial district files this as an original proceeding for writ of mandamus to compel Hon. R. S. Sanders, county Democratic chairman, and the other members of the Democratic Executive Committee of Shelby County, to place his name on the official ballot to be voted in the Democratic primary to be held on July 25, 1936. The agreed facts show that the 123d judicial district is composed of two counties, Shelby and Panola; that in due time and in proper manner relator made his application to the Democratic Executive Committee of Shelby County to have his name placed upon the official ballot, and paid the committee $1; that the committee subsequently assessed him $100 as his proportionate part of the expenses of holding a primary election in said county and had declined to place his name on the official ballot unless he pays such assessment.

The sole question involved is whether the Democratic executive committee of a county has a right under the statute to assess a candidate for nomination to the office of district attorney, in a district composed of more than one county and less than four counties, a fair proportionate share of the expense of holding the primary election in said county. The power to assess candidates for the expenses of primary elections is conferred by article 3108 of the Revised Civil Statutes, as amended by Acts 1931, c. 105, § 2 (Vernon's Ann.Civ.St. art. 3108), which act provides the manner in which the county executive committee shall meet and determine the costs of holding the primary and further provides that the committee "shall apportion such cost among the various candidates for nomination for county and precinct offices only as herein defined, and offices to be filled by the voters of such county, or precinct only (candidates for State offices excepted)," etc. In Holzschuher v. Wurzbach, 286 S.W. 289, writ refused, it was held, in an opinion by Chief Justice Fly of the San Antonio Court of Civil Appeals, in construing the language above quoted: "There is no room for construction of the language of the statute, and unless supplemented by additional authority to the executive committee to apportion parts of the cost of primaries to other officers than those specifically mentioned, the executive committee has no power or authority to apportion and demand costs

from other candidates." In the recent case of James O. Rail v. Wm. A. Morris, Jr., 95 S.W.(2d) 738, the San Antonio Court of Civil Appeals held that a candidate for Congress from a district composed of only one county was subject to assessment by the county executive committee. Justice Murray, in the course of the opinion, saying: "It is too plain for argument that the above article [article 3108] authorizes the county executive committee to assess against each county or precinct officer, and each officer who is to be voted upon by the voters of *one county only,* a pro rata portion of the estimated expense of conducting the primary election." A writ has been refused in that case by the Supreme Court.

Article 3116, R.S.1925, as amended by the Acts of 1927, 40th Legislature, c. 54, p. 77 (Vernon's Ann.Civ.St. art. 3116), reads: "No person's name shall be placed on the ballot of a district, county or precinct office who has not paid to the county executive committee, the amount of the estimated expense of holding such primary apportioned to him by the county executive committee as hereinbefore provided. Provided, however, that no candidates for nomination for chief justice or associate justice of a court of civil appeals or for representative in Congress or for district judge or district attorney or any other district office in representative or judicial districts composed of four or more counties shall be required to pay more than one ($1.00) dollar to any county executive committee or other person for any particular county as his portion of such expense for holding such primary and shall not be required to pay any other sum or sums to any other person or committee to have their name placed on the ticket as such candidate. No candidates for nomination for State Senator or Representative in the Legislature shall be required to pay more than one ($1.00) dollar to any county executive committee or any other person or any particular committee as his portion of such expense for holding such primary. Candidates for United States Senator or for Congressman-at-large and all those who are candidates for State offices to be voted upon by the qualified voters of the whole State shall pay to the chairman of the State Executive Committee one hundred ($100.00) dollars, and shall not be required to pay any other sum or sums to any other person or committee to have their names placed on the ticket as such candidate."

It is our view that article 3116, above quoted, does not in any way enlarge the power of the executive committee granted by article 3108, so as to empower such committee to levy an assessment upon a candidate for district office in a district composed of more than one county. At most, such an intent could only be read into the article by implication by reason of the provision that candidates for district office in districts composed of four or more counties should be assessed only $1. The Wurzbach Case, supra, is authority for the proposition that the statute conferring upon the county executive committee the power of making such assessments is to be strictly construed and that no power to make such assessments can be read into the law by inference or implication.

It is therefore our conclusion that the county executive committee of Shelby county is without authority to make the assessment against the relator. It therefore follows that mandamus should be issued, as prayed for; and it is accordingly so ordered.

WALKER, C. J., disqualified and not sitting.