MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. A. L. MAHAFFEY.

No. 2255. Decided November 20, 1912.

1.—Statute—Caption as Part of Law.

The caption of an Act of the Legislature is a part of the law and must be considered in construing it. The language of an Act should be construed in view of its title and its lawful purposes; broad language should be confined to lawful objects. (Pp. 397, 398.)

2.—Same—Constitutional Law—Recovery of Attorney's Fees.

By the Act of March 13, 1909, Laws, 31st Leg., p. 170, providing for recovery by plaintiffs of attorney's fees not exceeding $20 as part of the damages in certain cases, the caption of the Act restricts its application to

claims not exceeding $200.00, while the body of the Act does not contain such limitation.    Held:

(1)   This portion of the Act cannot be harmonized with the limitation to claims not exceeding $200.00 in the caption, except by applying the same limitation to the body of the law.

(2)   The fact that a claimant of a sum exceeding $200 could receive no benefit under the Act (it being unconstitutional in such application because not expressed in the title; Const. art. 3, sec. 35) justifies the conclusion that the limitation in the caption determines the class of claims which were intended to be provided for.   It would be unreasonable to include in the provisions of the law claims which could not be affected thereby.

(3)   The Act applies only to claims not exceeding $200.   It contains but one subject and is not in conflict with art. 3, sec. 35, of the Constitution. (Pp. 397-399.)

**3.—Cases Disapproved.**

The rulings that the Act in question was unconstitutional:   Ft. Worth & D. C. Ry. Co. v. Lloyd, 132 S. W., 899, and Gulf, T. & W. Ry. Co. v. Lunn, 141 S. W., 538, disapproved.   (P. 396.)

Question certified from the Court of Civil Appeals for the Sixth District in an appeal from Camp County.

*Coke, Miller & Coke, L. L. Wood,* and *A. H. McKnight,* for appellant, cited: Railway Co. v. Lloyd, 132 S. W., 889; Gulf, T. & W. Ry. Co. v. L, Lunn, 141 S. W., 538; Gulf C. & S. F. Ry. Co. v. Dennis, 224 U. S., 503.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Certified question from the Court of Civil Appeals of the Sixth Supreme Judicial District, as follows:

"Alleging that appellant had negligently injured a horse belonging to him, by running its engine and cars against said horse, appellee by his suit sought a recovery against appellant for the sum of $150 as the damages thereby suffered by him.   Further alleging that his claim for such damage was a *bona fide* one; that more than 30 days before he filed his suit he had presented said claim, but for a less sum than he sued for, to appellant for payment; that appellant refused to pay same; that in consequence of such refusal he was forced to employ an attorney to bring and prosecute his suit therefor; and that the sum of $20 was a reasonable fee for an attorney for such services, appellee sought also to recover the sum of $20 as attorney's fees appellant became liable to pay him.   The evidence was sufficient to support a finding that the horse had been injured as alleged. It also was sufficient to support a finding that appellee more than 30 days before he commenced his suit had presented to appellant's station agent at Leesburg, where the accident occurred, a claim in writing for $75 as the amount of the damages he had suffered because of injuries to the horse, and that appellant had refused to pay same; and to support a finding that $20 was a reasonable fee for services of an attorney in instituting and prosecuting the suit.   The court instructed the jury, on conditions specified, to find in appellee's favor, as damages for injuries to the horse, the difference between its value immediately before and its value immediately after it had suffered the injuries complained of; and then further instructed them

as follows: 'I further charge you that if you believe from a preponderance of the testimony that the plaintiff, thirty days or more before the filing of this suit, presented to defendant railway company or its authorized agent a claim in writing for the damages herein sued for, and that defendant failed, neglected or refused to pay said damages, then in case you find for plaintiff under instructions heretofore given you in a sum equal to or in excess of the claim in writing filed with defendant or its duly authorized agent, if you find that such claim was so filed, you will further find for plaintiff an additional sum of $20 as attorney's fees.' The verdict was in appellee's favor for the sum of $100 as damages for injuries to the horse, and for the sum of $20 as attorney's fees. A judgment in accordance with the verdict was rendered in appellee's favor, and from that judgment appellant prosecuted an appeal to this court, assigning as error, among other matters complained of, the action of the court in instructing the jury to find for appellee the sum of $20 as attorney's fees, on the conditions set out in the portion of the court's charge quoted above. An objection urged to the instruction was that it was based on the act of March 13, 1909 (General Laws, chapter 47, p. 93), regulating the presentation and collection of claims for personal services, etc., and that said act was void because contrary to certain provisions of the Constitution, among which was specified section 35 of article 3, as follows: 'No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be so expressed.' Being of the opinion that said Act of 1909, as to claims therein described which did not exceed in amount the sum of $200, was not obnoxious to said section 35 of article 3 of the Constitution, because of the saving clause therein, this court overruled the assignment presenting the contention, and by an oral opinion rendered January 19, 1911, affirmed the judgment of the court below. In a motion by appellant for a rehearing, now pending before us, attention is called to the case of Ft. W. & D. C. Ry. Co. v. Lloyd, 132 S. W., 899, published for the first time in the issue of the Southwestern Reporter for January 18, 1911, where the Court of Civil Appeals for the Second District reached a conclusion directly to the contrary of the one we reached—that court holding said Act of March 13, 1909, to be wholly void because in disregard of said section of the Constitution. After further considering the question made, in the light of the opinion of said Court of Civil Appeals in the case cited, we find ourselves unable to concur therewith. On the contrary, we still are of the opinion that said act of March 13, 1909, as to claims described therein which do not exceed in amount the sum of $200, is not within the prohibition of said section of the Constitution. In compliance with the requirement in section 1 of the act of May 9, 1899 (General Laws, p. 170), and for the purpose of having the conflict pointed out determined, we certify to you the following questions:

"1. Did this court err in holding that as to claims therein described which did not exceed in amount the sum of $200, said act of March 13, 1909, was not obnoxious to section 35 of article 3 of the Constitution?

"2. Did this court err in not holding that the judgment in appellee's favor for $20 as attorney's fees was erroneous because said act March 13, 1909, was within the prohibition of said section 35 of article 3 of the Constitution, and therefore invalid?"

The title of the law under consideration is as follows:

"An Act to regulate the presentation and collection of claims for personal services or for labor rendered, or for material furnished, or for overcharges in freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by any person or corporation, against any person or corporation doing business in this State, and providing a reasonable amount of attorney's fees to be recovered, in cases where the amount of such claims shall not exceed two hundred ($200.00) dollars, and declaring an emergency."

The first section of law reads:

"Sec. 1. That hereafter any person in this State, having a valid, bona fide claim against any person or corporation doing business in this State, for personal services rendered or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation, its agents or employees, may present the same to such person or corporation or to any duly authorized agent, thereof, in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court, and if he shall finally established his claim, and obtain judgment for the full amount thereof, as presented for payment to such person or corporation in such court he shall be entitled to recover the amount of such claim and all costs of suit, and in addition thereto a reasonable amount as attorney's fees, provided, he has an attorney employed in the case, not to exceed twenty ($20.00) dollars, to be determined by the court or jury trying the case; provided, however, that nothing in this Act shall be construed to repeal or in any manner affect any provision of the law now in force giving a remedy to persons having claims of the character mentioned in this Act, but the same shall be considered as cumulative of all other remedies given to such a person or persons."

It is the duty of this court to ascertain the intention of the Legislature in enacting the law under consideration, and to sustain the law if it can be done by fair construction. Iowa v. County Judge, 2 Iowa, 282.

The caption is a part of the law and must be considered in construing it. Cohn v. People, 41 Am. St., 308; People v. Davenport, 91 N. Y., 574; 2 Lewis' Sutherland, Stat. Const., 2d ed., section 340, which we copy:

"The constitutional provision that no law shall embrace more than one subject, and requiring that to be expressed in the title, has given

the title of legislative Acts more importance. It is not, however, required or intended that the title shall contain a full index to all the contents of the law; it is permitted to be general in its terms, and therefore it will seldom occur that it will afford a clue to the intention when the text of the satute is uncertain. But the title of an Act is now so associated with it in the process of legislation that when, in performing its constitutional functions, it affords means of determining the legislative intent, in cases of doubt its help cannot be rejected for being extrinsic and extra-legislative. The language of an Act should be construed in view of its title and its lawful purposes; broad language should be confined to lawful objects.''

The effect of the rule is that the title must have the same effect as if it were in the body of the bill.

In view of the rule expressed in the above authorities we must determine the scope of the law, limiting its operation to the purposes which the Legislature had in view in enacting it, giving effect, if possible, to every clause and word of the statute; avoiding any construction which implies that the Legislature was ignorant of the meaning of the language it employed. (Montclair v. Ramsdell, 107. U. S., 152.) The body and caption of the bill confer upon persons whose claims shall exceed two hundred dollars no right which did not exist independently of that Act. This Act of the Legislature does give to one having such claim, not exceeding $200.00, a right that did not exist before; that is, the right to recover reasonable attorney's fees, not to exceed twenty dollars. To illustrate, if a claim of one thousand dollars were before this court this language would not be applicable, ''he shall be entitled to the amount of such claim and all costs of suit, and in addition thereto a reasonable amount as attorney's fees, provided, he has an attorney employed in the case, not to exceed twenty dollars.'' Surely, the Legislature did not intend to limit attorney's fees to twenty dollars in a case involving one thousand dollars, and there is no apparent reason for allowing additional attorney's fee of twenty dollars in a case involving so large an amount, but there is a sound reason for allowing and limiting the amount of fee on small claims. If the claim be two hundred dollars, or less, and suit must be instituted, which makes an attorney necessary, it is a heavy tax on the claimant; therefore, if he present a just demand which is refused, the recovery of the full amount claimed shows that the demand of payment should have been granted, and this law compels one refusing payment of such demand to pay the cost and attorney's fees, not to exceed twenty dollars. The limitation of the amount of the fee to twenty dollars and to cases in which an attorney has been actually employed practically implies that such action might be prosecuted without an attorney which in effect limits the amount of the claim to two hundred dollars because the only court in which suits of that character could be instituted by non-professional claimants, without the services of an attorney, is that of justice of the peace, whose jurisdiction cannot exceed two hundred dollars, therefore, the limitation in the caption is in effect the same as that of the body of the law, because the proviso in the law can be harmonized with the title by no other construction.

Restating our conclusions:

1. The proviso in the first section of the law cannot be harmonized with the limitation of the amount to two hundred dollars in the proviso, except by applying the same limitation to the body of the law.

2. The fact that the claimant of a sum exceeding two hundred dollars could receive no benefit under the Act justifies the conclusion that the limitation in the caption determines the class of claims which were intended to be provided for. It would be unreasonable to include in the provisions of the law claims which could not be affected thereby.

3. We conclude that it was intended to provide only for the collection of claims not exceeding two hundred dollars in amount, and that there is no conflict between the title and the first section of the law.

4. The bill contains but one subject and is not in conflict with Section 35, Article III of the Constitution.