THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM RAND, Respondent, v. CHARLES L. CRAIG, as Comptroller of the City of New York, Appellant.

Attorney-general — counties — special deputy attorney-general designated under section 62 of Executive Law to attend Supreme Court and supersede local prosecutor — authority of attorney-general to fix compensation — right of county officers to audit same.

Section 61 of the Executive Law, as amended (L. 1919, ch. 165), empowers the attorney-general to " appoint such deputies as he may deem necessary and fix their compensation within amounts appropriated therefor by the legislature," and subdivision 2 of section 62 of the same law directs him, upon the order of the governor, to attend the Supreme Court, and supersede the local prosecutor, and provides that " in all such cases, all expenses incurred by the attorney-general, including the salary or other compensation of all deputies employed, shall be a county charge." The scheme of the statute is payment by the county of the expenses of state officers in the discharge of county functions. If expenses of special deputies assigned to such duties are covered by appropriations their allowance by the attorney-general is final and the duty of the county is absolute to make restitution of the quota incurred or expended for its benefit, but if the expenses of special deputies are not covered by appropriations, allowance by the attorney-general is not within the authority conferred by

section 61 and is ineffective to impose, without restraint or limitation, a charge upon the county. The charge is subject in such circumstances, like other county charges, to audit by the county officers, and rejection if excessive.

   *People ex rel. Rand* v. *Craig,* 195 App. Div. 850, reversed.

   (Argued April 20, 1921; decided May 31, 1921.)

   APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1921, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel defendant to draw a warrant for payment of defendant's claim for certain services rendered by him as special deputy attorney-general.

   *John P. O'Brien, Corporation Counsel (John F. O'Brien, George P. Nicholson* and *Russell Lord Tarbox* of counsel), for appellant. Assuming that respondent's appointment or designation as a special deputy attorney-general complied with the requirements of section 61, Executive Law, as amended by chapter 165, Laws of 1919, such appointment or designation carried with it no compensation from the state unless compensation was fixed within the legislative appropriation as provided for by that statute. (*Atty.-Gen.* v. *C. L. Ins. Co.,* 88 N. Y. 571; *People ex rel. Frost* v. *Woodbury,* 213 N. Y. 51; *People ex rel. Plancon* v. *Prendergast,* 219 N. Y. 252; *Haswell* v. *Mayor,* 81 N. Y. 255; *People ex rel. Burnet* v. *Jackson,* 85 N. Y. 541; *Hogan* v. *Bd. of Education,* 200 N. Y. 370; *Munch* v. *City of New York,* 47 Misc. Rep. 128; *People ex rel. Osborne* v. *Bd. Suprs.,* 168 App. Div. 765.) Since the state is not bound to pay compensation to a special deputy appointed without fixation of salary within the legislative appropriation, as provided by section 61, a county, in reimbursing the state for expenses " incurred by the attorney-general," is likewise free from the liability provided for by section 62, subdivision 2, unless the attorney-general's expenses for the compensation of a

special deputy were incurred pursuant to section 61. (*Atty.-Gen.* v. *C. L. Ins. Co.*, 88 N. Y. 571; *Lyddy* v. *Long Island City*, 104 N. Y. 218; *Bird* v. *Mayor, etc.*, 33 Hun, 396; *O'Connor* v. *Walsh*, 83 App. Div. 179; *Jacobs* v. *City of Elmira*, 147 App. Div. 433; *Stuart* v. *Palmer*, 74 N. Y. 183.)

*Nathan A. Smyth* for respondent. A claim upon the county of New York by a special deputy attorney-general for compensation for services performed under subdivision 2 of section 62 of the Executive Law, as fixed by the attorney-general of the state, is not subject to audit as to amount by the comptroller of the city. (L. 1909, ch. 23, § 62, subd. 3.) The amendment made in 1919 to section 61 of the Executive Law did not take away the authority which the attorney-general had theretofore had to fix the compensation of deputies specially appointed by him to conduct proceedings under subdivision 2 of section 62 of the Executive Law. (*People ex rel. Osborne* v. *Bd. of Suprs.*, 168 App. Div. 765.)

Cardozo, J. An order of the governor required the attendance of the attorney-general at a term of the Supreme Court in the county of New York (Executive Law, sec. 62, subd. 2; Consol. Laws, ch. 18). The attorney-general appointed a special deputy, the relator, to conduct the prosecutions then pending or expected. The relator has filed with the comptroller of the city of New York a verified claim, approved by the attorney-general, in the sum of $15,000, the alleged value of his services. The comptroller takes the ground that the claim is subject to audit in the same manner as other claims against the city or its component counties (Greater New York Charter, secs. 149, 1583). The relator insists that by force of the approval of the attorney-general, the payment of the claim is mandatory.

Section 61 of the Executive Law (Cons. Laws, ch. 18, as amended by L. 1919, ch. 165) empowers the attorney-

general to " appoint such deputies as he may deem necessary and fix their compensation, within amounts appropriated therefor by the legislature." Section 62 of the same law (Subdivision 2) directs him, upon the order of the governor, to attend the Supreme Court, and supersede the local prosecutor, and provides that " in all such cases all expenses incurred by the Attorney-General, including the salary or other compensation of all deputies employed, shall be a county charge."

The scheme of the statute is payment by the county of the expenses of state officers in the discharge of county functions. If the expenses are covered by appropriations, their allowance by the attorney-general is final (Section 61). They become *ipso facto* by force of his approval, a charge in the first instance upon the treasury of the state. The duty of the county is then absolute to make restitution of the quota incurred or expended for its benefit. Such would be the situation for example, if one of the permanent deputies, in receipt of a fixed salary, had been assigned to local duties. If, on the other hand, as here, the expenses of special deputies are not covered by appropriations, allowance by the attorney-general is not within the authority conferred by section 61, does not result in the depletion of the moneys of the state, and is ineffective to impose, without restraint or limitation, a charge upon the county. The charge is subject in such circumstances, like other county charges, to audit by the county officers, and rejection if excessive (*People ex rel. Gardenier* v. *Bd. of Supervisors, Col. Co.,* 134 N. Y. 1, 10).

The relator makes much of the form of section 61 as it stood before its amendment in 1919 (L. 1919, ch. 165). There was then no provision in the section that compensation must be kept within the limit of appropriation. A section of the State Finance Law (Sec. 35; Consol. L. ch. 56) did, indeed, impose a like restriction upon contracts or expenditures of the attorney-general

which were charges on the state. The argument is that there was no restraint when he laid a charge upon the county. We may doubt whether section 61 was ever intended, even in its earlier form, to confer a power of expenditure so broad and uncontrolled (Cf. *Atty.-Gen.* v. *Cont. Life Ins. Co.*, 88 N. Y. 571, 575, 576; *Lyddy* v. *L. I. City*, 104 N. Y. 218; Executive Law, sec. 65). Emancipation from all restraint should rest upon clear words, and not upon uncertain inference. The subject need not be pursued, for whatever the power may once have been, it is no longer without check to-day. The limitation now embodied in section 61 is too plain to be refined away by any process of construction. Courts must be slow to hold that statutes do not mean what they say because at some time in the past they said and meant something else. The attorney-general has no power in the premises except as he gets it by this section, which couples it with a condition. If he does not take it with the condition, he does not take it at all.

Another section of the same statute reminds us that the legislature had no trouble in finding fitting phrases when it wished the agents of the state to be unhampered by the restrictions of an audit. Subdivision 8 of section 62, as amended in 1917 (L. 1917, ch. 595), empowers the attorney-general with the approval or by the direction of the governor to " inquire into matters concerning the public peace, public safety and public justice." In pursuing such an inquiry, he may appoint and employ " such deputies, officers and other persons as he deems necessary, determine their duties and, with the approval of the governor, fix their compensation." He is to pay such salaries and compensation by check or draft to be signed by himself, and countersigned by the governor, " and such disbursements shall be subject to no audit except by the governor and the attorney-general." Audit by county officers, if forbidden in cases falling under subdivision 2, should be displaced by words as plain.

We hold, then, that the relator's compensation, since it has not been brought within an appropriation by the legislature of the state, is still subject to audit and allowance . by the fiscal officers of the county.   We do not mean to underrate the obscurity of the statutory provisions invoked in his behalf.   They yield themselves not unreadily to conflicting interpretations.   We have felt it our duty, however, when obscurity has engendered doubt, to fall back upon the fundamental principle that only clear warrant of law will justify the assumption of a power to control the public purse (*Stetler* v. *McFarlane,* 230 N. Y. 400, 408).   That warrant is not here.

The order of the Appellate Division and that of the Special Term should be reversed, and the application for a mandamus denied, with costs in all courts.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, MCLAUGH-LIN and ANDREWS, JJ., concur.

Orders reversed, etc.