# BURLINGTON–ROCK ISLAND R. CO. v. McCARTNEY.

## No. 1292.

Court of Civil Appeals of Texas. Waco.

Nov. 25, 1932.

Foster & Williams, of Conroe, and Thompson & Barwise, of Fort Worth, for appellant.

Jas. T. Ryan, of Centerville, for appellee.

ALEXANDER, J.

Charley McCartney brought this suit against the Burlington-Rock Island Railroad Company to recover damages for the killing of two horses belonging to him and the damages to his wagon and harness. The cause was tried before the court without a jury, and resulted in a judgment for the plaintiff. The defendant appealed.

The appellant failed to file briefs, and the case is before this court on fundamental error only. The plaintiff sued for $200, the value of his horses, $15 for the damage to his harness, and $10 for the damage to his wagon, making a total of $225, and for reasonable attorney's fees in the sum of $20. The court in its judgment found the value of the two horses, which were killed, to be $200, and that the damage to the harness amounted to $15 and the damage to the wagon $10, and that $20 was a reasonable attorney's fee, and entered judgment for $245. It is apparent from the record, therefore, that the court has included in its judgment the sum of $20 for attorney's fees.

The general rule is that, in the absence of a statute allowing attorney's fees or a specific contract providing therefor, such fees incurred by a party to the litigation are not ordinarily recoverable either in an action for tort or on contract. Cleveland State Bank v. Lilley (Tex. Civ. App.) 260 S. W. 324; Sherrick v. Wyland, 14 Tex. Civ. App. 299, 37 S. W. 345, and cases there cited.

This is a suit for a tort, and there is no contention that the defendant had contracted to pay attorney's fees. The plaintiff was apparently undertaking to recover such attorney's fees under and by virtue of the provisions of Revised Statutes, art. 2226. We know of no other statute which undertakes to create a right to recover attorney's fees in an action for tort such as this. The above statute applies only in those cases where the amount claimed or sued for does not exceed $200. M., K. & T. Ry. Co. v. Mahaffey, 105 Tex. 394, 150 S. W. 881. Since the amount sued for in this case, exclusive of attorney's fees, amounted to $225, the plaintiff was not entitled to recover the attorney's fees provided for by the above statute.

Moreover, in order to recover the attorney's fees provided for in article 2226, it is necessary for the plaintiff to allege and prove that he presented his claim to defendant at

least thirty days prior to the filing of the suit, and that the defendant failed to pay same. No such allegations are contained in the plaintiff's amended petition on which he went to trial. The pleadings, therefore, did not authorize a recovery of attorney's fees.

Since the pleadings are insufficient to support a judgment for attorney's fees, the error of the court in allowing a recovery therefor is fundamental, and is apparent upon the face of the record. 3 Tex. Jur. 820.

The judgment of the trial court, in so far as it allowed a recovery of $20 attorney's fees, was improper. The judgment is here reformed so as to allow a recovery of only $225, with 6 per cent. interest from the date of said original judgment, together with the costs in the trial court, and the judgment as reformed is affirmed.