TOM GREEN COUNTY v. J. A. MOTLEY, ADMINISTRATOR.

No. 7117. Decided June 29, 1938.
Rehearing overruled October 26, 1938.
(118 S. W., 2d Series, 306)

*O. C. Fisher* and *Glenn R. Lewis,* of San Angelo, for plaintiff in error.

It was error for the court to hold that where a county treasurer of a county had collected all of his annual commissions in the first two months of the year and died in the fifth month, the state of said deceased treasurer is not bound to refund any portion of the said annual commissions to said county. See authorities cited in the opinion.

*Upton, Upton & Baker,* of San Angelo, for defendant in error.

J. M. Harper, as treasurer of Tom Green County, had earned the commissions paid to him during the months of January and February, within the limits prescribed by the Legislature and the Commissioner's Court of that county, because such commissions on the funds intrusted to his care accrued to his benefit at the time the moneys were received and paid out by him. Harris County v. Charlton, 112 Texas 19, 243 S. W. 460; Hill County v. Sauls, 134 S. W. 267; Lattimore v. Tarrant County, 124 S. W. 205.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In 1932, J. M. Harper was elected treasurer of Tom Green County for a term of two years commencing January 1st, 1933. He qualified and assumed the duties of his office on that day and served in that capacity until his death on May 6, 1934. In August, 1933, the commissioners court made and entered its order allowing the county treasurer a commission for his

services of one per cent of all moneys received and one per cent of all moneys disbursed by him not to exceed the sum of $2,000.00 in any one year. The commission amounted to more than $2,000.00 for the months of January and February and he was paid $659.74 in January and $1,340.26 in February. These two payments aggregate $2,000.00 and were in full for his compensation for the entire year. A few days after the death of Mr. Harper, the commissioners court appointed George A. Bond, as treasurer for the unexpired term. At the time of the appointment the commissioners court passed a resolution in which it was declared that J. M. Harper had been paid all of the compensation allowed the treasurer for the year 1934; that the county could pay nothing to Mr. Bond and that he should receive his pay from the estate of J. M. Harper, deceased.

J. A. Motley was duly appointed administrator of the estate of J. M. Harper, deceased, and qualified as such June 7, 1934. Thereafter, on August 30, 1934, George F. Jones, County Judge of Tom Green County, and George A. Bond, treasurer, acting under the proper authority from the commissioners court, presented to the administrator the claim of Tom Green County for $1,315.07. The amount of the claim bears the same ratio to $2,000.00 that the time from May 6, 1934, to December 31, 1934, bears to the entire year. The administrator promptly rejected the claim and the county thereupon filed this suit in the district court to establish same against the estate. After the suit was filed the commissioners court made and entered an order fixing the commission of George A. Bond, treasurer, at one-half of one per cent on receipts and disbursements from the time of his appointment for the remainder of the term. In December thereafter the county paid Bond $983.53, that amount being the commission accruing to him on the basis of one-half of one per cent on receipts and disbursements. We pause to observe that no question as to the legality of that payment is before us. We are concerned only with questions between the county and the administrator. In March, 1935, the county presented its claim to the administrator for the sum which it had paid to Bond, which claim was rejected. This case was still pending in the trial court and the county thereafter amended its petition praying as in the original petition for the establishment of its claim for $1,315.07, and in the alternative for $983.53. In a trial before the court without a jury judgment was rendered on the alternative prayer of the petition establishing the claim for $983.53 against the estate and ordering that the judgment be certified to the court in which the

administration was pending for observance. The administrator appealed to the Court of Civil Appeals which court reversed the judgment of the trial court and remanded the cause thereto, its holding being that the county had no cause of action. 93 S. W. (2d) 768.

This cause of action arose prior to the adoption of the amendment to the Constitution on August 24, 1935, Art. 16, Sec. 61, abolishing the fee system and will be decided without reference to that amendment. The applicable provisions of the Constitution and statutes at the time his cause of action arose were as follows:

Art. 16, Sec. 44 of the Constitution read as follows:
"The Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this State, of a county treasurer and a county surveyor, who shall have an office at the county seat, and hold their office for two years, and until their successors are qualified; and shall have such compensation as may be provided by law."

Art. 3941, R. S. 1925, provides:
"The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office."

Art. 3943 provides:
"The commissions allowed to any county treasurer shall not exceed two thousand dollars annually; * * *."

█ The identical question presented for decision in this case was before this Court in Davenport v. Eastland County, 94 Texas 277, 60 S. W. 243. The constitutional provision and statutes before the Court for construction in that case were the same as those now before us for construction. Since the opinion in that case was written the statutes have been twice revised and recodified without material change and, as stated by Chief Justice Cureton in Texas Fidelity & Bonding Co. v. City of Austin, 112 Texas 229, 246 S. W. 1026:
"It is an elementary rule of construction that where, after a statute has been construed by the highest court of the State, the Legislature re-enacts the statute, whether by the adoption of Revised Statutes or by amendment, the act of he Legislature

carries with it the construction previously placed upon the law by the court. Pearson v. West, 97 Texas 238, 77 S. W. 944; Hall v. White, 94 Texas 452, 454, 61 S. W. 385; Johnson v. Hanscomb, 90 Texas 321, 328, 37 S. W. 601, 38 S. W. 761."

■ That Justice Brown speaking for this Court in the Davenport case gave a definite construction of the statutes in the light of the constitutional provision above quoted, as applicable to the question now presented for decision, cannot be questioned. The material facts in that case were that Davenport, who was County Treasurer of Eastland County, held over for three days on account of the delay of his successor in qualifying. During those three days the commissions of the treasurer upon the percentage fixed by the commissioners court amounted to $434.85, which amount Davenport retained and claimed as his own. The county sued Davenport and was awarded judgment in the trial court in the sum of $414.41. That amount was arrived at by allowing Davenport to retain as compensation for his services 3/365ths of $2,000.00. In other words his compensation was fixed at the same ratio to $2,000.00 that the number of days served bears to the number of days in a year. Davenport appealed and the Court of Civil Appeals certified to the Supreme Court the question arising upon the above facts. To that question this Court made answer that Davenport was entitled to retain only that portion of the sum of $2,000.00 which the time he served after the expiration of his term bears to the whole year. The construction of the statutes there given and the reasoning there employed, when applied to the facts of the instant case, lead certainly to but one conclusion, and that is that Harper's estate was entitled to retain only that portion of the annual compensation of $2,000.00 which he earned, and that such amount bears the same ratio to $2,000.00 that the time served bears to one year. While recognizing that a treasurer's compensation is not, strictly speaking, a salary, the opinion in that case decides the question presented just as if it were a salary, basing the ratio upon the time of service alone. The compensation to which he is entitled is not as fees for the performance of certain acts, but is an annual compensation for his services for an entire year. The fact that it is payable in the form of commissions as and when those commissions accrue often results in making his compensation payable largely in advance, but that does not alter the conclusion that payment is for service for an entire year to be returned ratably if the service is not performed.

It is provided in Art. 1707, R. S. 1925, that in case of a

vacancy in the office of the county treasurer the commissioners court shall fill such vacancy by appointment. That duty is enjoined upon the court regardless of how the vacancy occurred, whether by death or resignation of the incumbent. It would hardly be contended that the Legislature intended for the successor of a treasurer who had died or resigned to serve without compensation. The policy of the law, as reflected both by the Constitution and the statutes, is that there be no vacancy in the office of county treasurer. To safeguard against that condition arising when there is a change of personnel the Constitution provides that the treasurer shall serve until his successor has qualified. It is also the policy of the law, and obviously a sound public policy, that such officer receive just compensation for his services. Those policies would be violated by a holding that he could collect all the compensation allowed for twelve months' service within a short period of time and then resign and retain that compensation, leaving the county with no funds with which it might legally compensate his successor.

The opinion of the Court of Civil Appeals seems to distinguish the Davenport case on the ground that he was a holdover. We are unable to perceive how any distinction exists on that account. Davenport, under the Constitution, was legally holding the office of county treasurer during the three days in which he collected the excess commissions. Those commissions lawfully accrued to him in exactly the same manner that they lawfully accrued to Harper in the instant case. The question there, as here, was whether one who had served as a legally elected and qualified treasurer for a period short of one year should be entitled to retain all commissions accruing during the period of his service. The opinion in that case definitely fixes the rule that the amount of compensation is to be arrived at, not by the amount of the commissions accruing during that period, but by apportionment in accordance with the time of service. No material distinction exists between this case and the Davenport case.

The case of Harris County v. Charlton, 112 Texas 19, 243 S. W. 460, 245 S. W. 644, is cited and relied upon by the defendant in error and was also cited in the opinion of the Court of Civil Appeals. We discover nothing in that opinion which in any manner modifies the holding in the Davenport case. Clearly, under the provisions of the statutes, the treasurer is entitled to his commissions when they accrue, as held in the Charlton case, but that holding in no wise militates against a holding that, when the commissioners retained equal the maxi-

mum amount of compensation for the entire year, he is not entitled to retain all of such commissions where he vacates his office before serving the entire year. In this case it is clear that Harper was within his legal rights in retaining his commissions and the commissioners court also properly approved his actions in doing so. No cause of action exists in this case because of any unlawful act of Harper or of any void order of the commissioners court. The cause of action arose when the office was made vacant by the death of Harper. He having received the maximum amount allowed for the services of a treasurer for twelve months and having in part failed to perform the services for which he had been paid, his estate owed the duty to refund the unearned portion of that compensation.

■ The trial court should have rendered judgment for $1,315.07. It, however, adopted the alternative prayer of the county and rendered judgment for $983.53, the amount paid by the county to Harper's successor. The county did not appeal, neither did it cross-assign error on the appeal of the administrator. Its position before the Court of Civil Appeals was that the judgment of the trial court should be affirmed. In its application for writ of error here the county complains of the judgment of the Court of Civil Appeals, but not that of the trial court. On the contrary, its prayer here is that such judgment be affirmed. The trial court's judgment was more favorable to the administrator than it should have been and he cannot complain. The county does not complain. It is accordingly ordered that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court, June 29. 1938.

Rehearing overruled Ovtober 26, 1938.