**BELLINGER v. SCHUTTE.**

No. 12308.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 17, 1951.

Rehearing Denied Nov. 21, 1951.

Dilworth & McKay, San Antonio, for appellant.

Dibrell, Gardner, Dotson & Graham, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by Ruth Ann Bellinger from a judgment awarding to William F. Schutte the sum of $1242.73, being the balance due for material furnished and labor performed under the terms of a written contract, together with the sum of $250 as attorney's fees.

Appellant makes only one point reading as follows: "The trial court erred in granting attorney's fees to appellee."

This point is based upon the contention that the provisions of Art. 2226, Vernon's Ann.Civ.Stats., do not apply to claims for more than $200. It was under the provisions of this article that attorney's fees were allowed.

Appellee's claim was for more than $200, and if the provisions of Art. 2226, supra, do not apply to claims of more than $200, then there was no authority for allowing attorney's fees. The contract did not provide for attorney's fees and there is no other provision of the statutes authorizing attorney's fees in a case of this nature. Such authority must be found either in the contract or in the statutes. 13 Tex. Jur. p. 196, § 100 (Note 13); Burlington-Rock Island R. Co. v. McCartney, Tex.Civ. App., 54 S.W.2d 837.

Art. 2226, supra, was first enacted in 1909, and became Art. 2178, R.C.S. of 1911. The caption of the act provided that it applied to claims of not exceeding $200, and the body of the act provided that reasonable attorney's fees, not exceeding $20, might be recovered under the circumstances set forth in the act. The act was construed by the Supreme Court of Texas in Missouri, K. & T. Ry. Co. of Texas v. Mahaffey, 105 Tex. 394, 150 S.W. 881. The court held in that case that the act applied to claims not exceeding $200 and had no application to larger claims. The body of the act did not so provide, but the caption did restrict the act to claims not exceeding $200.

In 1923, Art. 2178, which has since become Art. 2226, supra, was amended extending its provisions to include claims for loss or damages to freight or express shipments. No mention was made, one way or the other, as to its being limited to small claims which did not exceed $200, but the reasonable attorney's fees collectible under its provisions were still limited to $20.

Again, in 1949, Art. 2226, supra, was amended eliminating from the act a provision theretofore contained therein providing that before attorney's fees could be recovered the judgment would have to be for the full amount of the claim as presented, and authorizing such recovery of attorney's fees where any part of the claim presented was recovered. This act made

no mention of limiting its provisions to claims not exceeding $200, nor limiting the amount of attorney's fees recoverable thereunder to $20.

During the time the act of 1923 was in force, Justice Alexander, then an associate justice of the Waco Court of Civil Appeals, speaking for that Court, wrote an opinion in Burlington-Rock Island R. Co. v. Mc-Cartney, 54 S.W.2d 837, holding that the act applied only to claims not exceeding $200. This case did not reach the Supreme Court.

In April, 1950, the Fort Worth Court of Civil Appeals decided the case of Strickland Transp. Co. v. Kool Kooshion Mfg. Co., 230 S.W.2d 277, 282, in which that Court held that the act of 1923 did apply to claims in excess of $200 and took notice of the act of 1949 in the following language: "In arriving at the legislative intent in the passage of the statute now under consideration, we must bear in mind that legislative enactments subsequent to the time involved here have no bearing on the rights of the parties to this litigation; yet we note that the 51st Legislature in 1949, Vernon's Ann.Civ.St. art. 2226, evinced its obvious intention to yet liberalize the rights of persons sustaining losses at the hands of common carriers and amended Article 2226, R.C.S., passed in 1923, retaining some of the provisions found in the earlier statute and provided that where claims for lost freight were presented to the carrier and the claim remained unpaid for a period of thirty days and if claimant is represented by an attorney and he obtains judgment for *any amount of the claim*, he may also recover a reasonable attorney's fee, the amount of the claim or fees are not limited by statute but the amount of attorney's fees are to be determined by trier of the facts."

Thus it seems that the Courts of Civil Appeals were not uniform in their construction of the 1923 enactment, and the matter did not reach the Supreme Court.

 We are well aware of the rule of construction of statutes which provides that where an act of the Legislature has been construed by the courts and such act

is reenacted by the Legislature in similar language, without substantial or material change, it is presumed that the Legislature was aware of such interpretation and intended that it should be applied to the new act. On the other hand, where such prior act has been reenacted by the Legislature with substantial and material changes there is no such presumption. Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681; Rail v. Morriss, Tex.Civ.App., 95 S.W.2d 738; Texas Emp. Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W.2d 929; Tom Green County v. Motley, 132 Tex. 54, 118 S.W.2d 306; Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S.W. 652, 30 L.R.A. 765.

 There is no reason why Art. 2226, supra, as enacted by the Legislature in 1949 should be given the same construction as was given the original 1909 act in Missouri, K. & T. Ry. Co. of Texas v. Mahaffey, supra. There are several reasons why we come to this conclusion. The original act of 1909 contained a provision in its caption that it should apply to claims that did not exceed $200. If the court had construed the act as applying to claims in excess of $200 there would have been a variance between the caption and the body of the act which would have rendered it void. Article 3, § 35, Constitution of Texas, Vernon's Ann.St.Const. The act contained a provision for reasonable attorney's fees not exceeding $20. It could not be said that where large claims are involved that $20 would be a reasonable attorney's fee. The 1949 act does not contain a provision in its caption or in its body limiting its provisions to claims of not exceeding $200, nor does it contain a provision limiting the amount of attorney's fees to $20, the only limitation being that such fees should be reasonable. The Legislature in reenacting Art. 2226, supra, made a very substantial and material change in the language of the prior act and therefore there is no reason why the new act should be given the same construction as the prior act. 50 Am.Jur. p. 261, § 275, p. 263, § 276, p. 357, § 355; Meek v. Wheeler Co., 135 Tex. 454, 125 S.W.2d 331; 59 C.J. pp. 1064 and 1065.

■ ■ There is nothing in the act of 1949 which limits its provisions to claims which do not exceed $200, nor attorney's fees not exceeding $20, therefore, there is no reason for construing the act in any other way than in keeping with its plain and unambiguous language. 39 Tex.Jur. p. 160, § 88, p. 176, § 93; American Ind. Co. v. City of Austin, 112 Tex. 239, 246 S.W. 1019; Gibbs v. U. S. Guarantee Co., Tex.Civ.App., 218 S.W.2d 522; Board of Insurance Comm. v. Guardian Life Ins. Co., 142 Tex. 630, 180 S.W.2d 906; Rand ex rel. Rand v. Craig, 231 N.Y. 216, 131 N.E. 894.

■ The provisions of Art. 2226, supra, should be construed as applying to all claims of the nature described in the article even though they exceed $200, and the only limitation of the amount of attorney's fees is that they must be reasonable.

Accordingly, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

We have carefully considered appellant's motion for a rehearing and the same is overruled.

We wish to add another reason for our holding in this case.

The provision of the statute with reference to attorney's fees which is here being considered was first passed by the Legislature as House Bill No. 27, Chapter 47, p. 93, of the Act of 1909. This act of the Legislature was first construed by the Supreme Court in Missouri, K. & T. Ry. Co. of Texas v. Mahaffey, 105 Tex. 394, 150 S.W. 881. The Supreme Court held that this act was limited to claims of not more than $200 in amount, for two reasons: First, because the caption of the act so limited the subject matter of the act and under the provisions of Sec. 35 of Art. 3 of the state Constitution the provisions of the act could not be construed as including any subject matter not stated in the caption, and, second, because the body of the act limited the amount of the attorney's fees to not more than $20, and this limitation indicated an intention on the part of the Legislature to limit the application of the provisions of the act to small claims of not more than $200 in amount. The provisions of this act were codified in 1911 as Article 2178. The statute was amended in 1923, and as amended was codified in 1925 as Art. 2226 of the Revised Civil Statutes of that year.

■ When the Legislature re-enacted this law as Art. 2226 it was not governed by the provisions of § 35 of Art. 3 of our Constitution. Section 43 of Art. 3 so provides in the following language: "Sec. 43. The first session of the Legislature under this Constitution shall provide for revising, digesting and publishing the laws, civil and criminal; and a like revision, digest and publication may be made every ten years thereafter; provided, that in the adoption of and giving effect to any such digest or revision, the Legislature shall not be limited by sections 35 and 36 of this Article."

Thus the caption of the original act or of any prior amendment thereto became of no importance. American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S.W. 1019. See also: Royal Crown Bottling Co. v. Minugh, 244 S.W.2d 531, decided by this Court on November 7, 1951.

When, in 1949, the Legislature again amended this act it eliminated therefrom the limitation of the amount of attorney's fees recoverable to $20 and provided only that they should be reasonable. Thus the two reasons given by the Supreme Court for its interpretation of the original act do not now exist and there is no longer any reason for such a construction of the act. American Indemnity Co. v. City of Austin, supra.

The provisions of Art. 2226, supra, not now being limited in any way by the caption of the original act and the Legislature, by amendment, having removed the $20 limitation theretofore existing as to the amount of recoverable attorney's fees, the provisions of Art. 2226, supra, now apply to all claims described in the Article even though such claims are in an amount of more than $200.

We adhere to our original decision in this case.