**GATELEY v. HUMPHREY et ux.**

No. 14464.

Court of Civil Appeals of Texas. Dallas.

March 21, 1952.

Rehearing Denied April 11, 1952.

O'Connor & Douglass, Dallas, for appellant.

Larry DeBogory, Dallas, for appellees.

YOUNG, Justice.

It becomes necessary to dispose of appellant's motion for rehearing in writing; with especial reference to a proper construction of Art. 2226, Vernon's Ann.Civ. St., authorizing attorney's fees in certain cases.

His suit in trial court was for a balance due of $550 for services rendered and material furnished in an interior decorating job on defendants' home; suing also for $250 as attorney's fees. Defendants answered by general denials and cross action, alleging that the work as performed was incomplete and unsatisfactory. The jury in verdict found that plaintiff was due $550 as prayed; fixed $250 as a reasonable attorney's fee, and that $200 was reasonable compensation to defendants because of Gateley's failure to properly complete the work contracted for. It is not disputed that plaintiff made demand on Humphrey for the above mentioned balance and four days thereafter filed this suit; the trial court finding that plaintiff was not entitled to statutory attorney's fees because of noncompliance with the provisions of Art. 2226, requiring a thirty-day interval between presentation of claim and institution of suit. In this connection the net recovery of plaintiff was $350 (the amount remaining after credit of $200 due defendants on their cross action).

Appellant complains of above judgment recitals eliminating his claim for attorney's fees, and presented by point 1, reading: "The provisions of Article 2226, Revised Texas Civil Statutes, which provides '* * * and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment * * *,' means thirty days from date of demand to date of judgment, and the trial court erred in holding that such provision means thirty days from date of demand to date of filing of the suit and in disregarding the jury's findings in awarding appellant $250 as attorney's fees."

The counterpoint of appellees thereto reads: "The court did not err in not allowing attorney's fees as sought under the provisions of Article 2226, Revised Civil Statutes of the State of Texas, because the undisputed evidence is that suit was filed on the claim four (4) days after demand was made upon appellees."

Art. 2226, originating as Ch. 47, p. 93, General Laws of 1909, under heading of "*Claims—Regulating Presentation and Collection of*"—was first numbered Art. 2178 in the 1911 revision. It then provided: "Section 1. That hereafter any person in this State, having a valid, bona fide claim against any person or corporation doing business in this State, for personal services rendered or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation, its agents or employees, may present the same to such person or corporation or to any duly authorized agent, thereof, in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court, and if he shall finally establish his claim, and obtain judgment for the full amount thereof, as presented for payment to such person or corporation in such court he shall be entitled to recover the amount of such claim and all costs of suit, and in addition thereto a reasonable amount as attorney's fees, provided, he has an attorney employed in the case, not to exceed twenty ($20.00) dollars, to be determined by the court or jury trying the case; provided, however, that nothing in this Act shall be construed to repeal or in any manner affect any provision of the law now in force giving a remedy to persons having claims of the character mentioned in this Act, but the same shall be considered as cumulative of all other remedies given to such a person or persons. Sec. 2. The fact that there is no law now in force in this State providing an effectual remedy for persons having such claims as are mentioned in this Act, creates an emergency * * *." The Act has been held constitutional, Missouri, K. & T. Ry. Co. v. Mahaffey, 105 Tex. 394, 150 S.W. 881, and inclusive of claims not exceeding $200 in amount; that limitation being recited in its caption. This law was amended in 1923 by merely adding the words "or express" in connection with any claim for lost or damaged freight. It was again amended in 1949, Acts 51st Legislature, p. 915, now reading: "Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney." The emergency clause of the Act recited, as reason for the amendment, "The fact that it is practically impossible to obtain legal services for the purpose of collecting the claims described in this Act under the present law creates an emergency * * *."

The U. S. Supreme Court in Missouri, K. & T. Ry. Co. v. Cade, 233 U.S. 642, 34 S.Ct. 678, 680, 58 L.Ed. 1135, discussing the constitutionality of the 1909 law (now Art. 2226), went on to say: "It is a police regulation designed to promote the prompt payment of small claims and to discourage unnecessary litigation in respect to them. The claims included appear to be such as are susceptible of being readily adjusted by the party responsible, within the thirty days that must intervene between the presentation of the claim and the institution of suit. * * * such penalty is obviously imposed as an incentive to prompt settlement of small but well-founded claims, and as a deterrent of groundless defenses. * * *"

■ Prior to the 1949 amendment, a suitor was required to allege and prove pre-

sentment of claim at least thirty days before filing of suit; Burlington Rock Island R. Co. v. McCartney, Tex.Civ.App., 54 S.W.2d 837; appellant here arguing that the thirty-day waiting period before filing of suit has been eliminated by the present law. It is his position that demand can be made, suit forthwith instituted, and that if the amount due plaintiff be not tendered or paid within thirty days, the statutory attorney's fees would attach to any amount finally recovered. Manifestly, Art. 2226 cannot be so interpreted; such a construction being destructive to the very purpose of its enactment. Under appellant's argument, the law would become an instrumentality for the exaction of maximum attorney's fees in every case remaining on the docket for more than thirty days, as opposed to its original purpose of encouraging the payment of claims without resort to the courts. Explicit in the present Article, as in the initial enactment, is the thirty-day waiting period in which the debtor may pay the claim without being penalized by way of attorney's fees; and if the Legislature had intended to eliminate this provision, basic in the original Act, surely it would have done so in plain language. The 1949 amendment, in essence, has merely substituted "any amount" for "full amount," and removed the earlier ceiling of $20 for amount of attorney's fees that may be awarded thereunder. Bellinger v. Schutte, Tex.Civ.App., 244 S.W. 2d 261; Strickland Transportation Co. v. Kool Kooshion Mfg. Co., Tex.Civ.App., 230 S.W.2d 277, 282; see also historical note following Art. 2226, V.A.C.S.; the thirty-day requirement for presentation of claim remaining essentially the same as in previous enactments.

On reconsideration of appellant's point complaining of improper taxation of costs, we find same to be well taken. He, having recovered the full amount of his claim for services rendered, may properly be denominated the "successful party" within meaning of Rule 131, Texas Rules of Civil Procedure; and this, despite defendants' proven offset by way of cross-action. Marsh v. Tiller, Tex.Cr.App., 293

S.W. 223; and see Annotations under old Art. 2056, V.A.C.S.

Consistent herewith, our final order of date January 25, 1952, is reformed and reaffirmed, taxing all costs of suit, however, against defendants.

BOND, C. J., dissents.

BOND, Chief Justice (dissenting).

On original submission we affirmed without written opinion the judgment of the trial court. After careful and thoughtful consideration of appellant's motion for rehearing, I have reached the conclusion that we should have affirmed the judgment in part, and reversed and rendered in part in conformity to jury findings.

This suit was instituted on August 4, 1950 in County Court at Law No. 2, Dallas County, by John R. Gateley against Layton Humphrey and wife, seeking recovery of a balance on contract in the sum of $550; alleged by plaintiff to be due and owing him for personal services rendered and labor done in painting the defendants' house; and for $250 as reasonable attorney's fees in the prosecution of the suit.

To the plaintiff's original petition the defendants on August 10, 1950 denied "all and singular the allegations contained in plaintiff's petition"; and specially denied that they promised or entered into any agreement by which they became liable for the amount sued for, or any part thereof; prayed judgment that plaintiff take nothing by his suit; and in cross action sought damages in the sum of $500 over and against the plaintiff for refusing to satisfactorily complete the work as contracted to be done. The original answer did not specifically controvert appellant's petition for attorney's fees or challenge the sufficiency of the pleadings, nor did they interpose plea to abate the suit for premature filing of suit for attorney's fees.

On August 16, 1950 the defendants, with leave of court, filed their first amended original answer and cross action to plaintiff's original petition; and again on January 26, 1951 filed their second amended original answer and cross action. In each

of these amendments they denied liability as in their original answer, in that they were not indebted to plaintiff in any sum; and in cross-action they sought damages in the sum of $999.21 against the plaintiff; and in the amendment of January 26, 1951, for the first time leveled special exception to plaintiff's original petition seeking attorney's fees, "because the same is insufficient in law in so much as it fails to make those certain allegations in compliance with Art. 2226 of Texas Civil Statutes, authorizing such attorney's fees." In deference to the defendants' said special exception and in consequence thereof, on March 27, 1951 the plaintiff was granted leave by the court to file an amended original petition alleging as in his original petition, and in addition thereto for reasonable attorney's fees in the sum of $250. "That demand was made upon the defendants more than 30 days prior to the filing of this amendment." He prayed for judgment against defendants for his debt of $550 and attorney's fees in the sum of $250.

The trial was to a jury, and on special issues to which no objection or exception was raised by either party, they found (1) that the defendants were due plaintiff the unpaid balance of $550 on the contract; (2) that $250 was a reasonable attorney's fee; (3) that plaintiff failed to perform the work in a good and workmanlike manner; and (4) that $200 is a reasonable cost for such failure to complete the work. On such findings the trial court, over plaintiff's exceptions and motion for judgment, disregarded the jury's favorable findings in favor of the plaintiff to special issue No. 2 ($250 reasonable attorney's fee) and entered judgment in favor of the plaintiff for his debt in the sum of $550 (special issue No. 1); and in favor of the defendants for the sum of $200 (special issue No. 4); thus decreed a net balance to the plaintiff against the defendants in the sum of $350 with 6% interest from date of judgment, March 28, 1951; and apportioned the court costs equally between the plaintiff and defendants, 50% against plaintiff and 50% against defendants.

In the judgment the trial court made the following findings of fact as the basis for disregarding the verdict of the jury and overruling plaintiff's motion for attorney's fees:

"The court having taken under advisement the motion of both parties, and having considered the evidence adduced upon the trial hereof, as well as matters of law involved; and it appearing to the court that it is uncontradicted under the evidence that the terms of Art. 2226 were not complied with in that the 30 days notice *prior to the institution of suit and demand for attorney's fee* was wholly not met or complied with under the evidence, and the court being of the opinion that the law precludes the recovery of attorney's fee where such 30 days notice is not given *in advance of the institution of suit;* and, that the jury's answer to special issue No. 2 is therefore immaterial and not in compliance with the facts and the law and should be wholly disregarded, does here and now wholly disregard and strike said issue upon the written motion filed by the defendant." (Italics supplied.)

To the aforesaid judgment and findings of the court the plaintiff timely filed motion to modify the judgment rendered; and in the alternative, for new trial, assigning errors pertinent thereto: (1) That the court erred in not granting plaintiff's motion for attorney's fees in the sum of $250 as found by the jury, and too, because same was uncontroverted by the defendants; (2) that the court erred in striking out plaintiff's attorney's fees for reasons stated in the court's judgment, supra; and (3) that the court erred in taxing one-half of all court costs against the plaintiff.

In overruling plaintiff's motion for new trial the trial court made further findings: "It is further found by the court that the costs in said suit shall be equally apportioned and assessed, 50% against plaintiff and 50% against defendant herein, for the reason that plaintiff was partially successful in his action and that defendants were partially successful in their cross action, and that it is within the discretion of this court to apportion said costs under Rule

139 of the Texas Rules of Civil Procedure." To which order and judgment the plaintiff again excepted, assigned errors, and has perfected this appeal, assigning pertinent points of error.

It further appears from the record that on or about June 5, 1951 the plaintiff and defendants entered into an oral agreement whereby the plaintiff was to sand, paint, sheetrock and textone the inside and outside of defendants' residence; that upon completion of the work the defendants were to pay plaintiff the contract price. The amount is in dispute, plaintiff contends the contract price was $4,050; whilst defendants contend the price was $3,500. Upon completion of the work the defendants paid plaintiff $3,500 and refused to pay more. The difference between the parties was settled by the verdict of the jury, allowing plaintiff the entire amount of his claim $550. There is no evidence in the record showing when the work was completed or when plaintiff presented his claim to the defendants for payment, nor does it matter. The defendants alleged (not controverted by the plaintiff) that the claim was presented on August 1, 1950; hence that must be considered by this Court as the date of presentment.

The plaintiff was entitled to exact attorney's fees as provided by Art. 2226, V. A.C.S., as amended, Acts 1949, 51st Leg., p. 915, Ch. 494, sec. 1.

Art. 2226, supra, was first enacted in 1909 as Art. 2178, 1911, R.C.S.; afterwards amended in 1923; and again in 1949, the present statute. The legislative history of these amendatory Acts is related in Bellinger v. Schutte, Tex.Civ.App., 244 S.W. 2d 261, showing the material changes.

In a determination of this appeal it requires a construction of Art. 2226, R. C.S., as amended in 1949, effective when this suit was filed. The amendment made decided changes bearing on the rights of the parties in litigation as to when the claimant may exact attorney's fees and costs against the debtor. In the prior enactments, material here, they provide that attorney's fees and court costs may be recovered "if, at the *expiration of thirty days after the presentation* of such claim,

the same has not been paid or satisfied, he (claimant) *may immediately institute suit* * * *; and if he shall finally establish his claim, and obtain judgment for the *full amount* thereof, as presented * * * he shall be entitled to recover the amount of such claim and all costs of suit, and, in addition thereto, a reasonable amount as attorney's fees; provided he has an attorney employed in the case, *not to exceed twenty dollars,* to be determined by the court or jury trying the same." (Italics supplied.)

In the amendment of 1949, here involved, the provisions in the prior enactments, supra, that "at the expiration of thirty days after the presentation of such claim * * * he may immediately institute suit" is bodily lifted out of the statute; and where they provided that the claimant shall "obtain * * * the full amount", he is entitled to attorney's fee "not to exceed twenty dollars" is changed to read "for any amount" and to recover "a *reasonable amount* as attorney's fees" instead of $20.

It may reasonably be said that under the statutes, supra, prior to the amendment of 1949, to exact attorney's fees and costs it would have been necessary for the plaintiff to allege and prove that he presented his claim to defendants at least 30 days prior to the filing of the suit. Burlington, Rock Island R. Co. v. McCartney, Tex.Civ. App., 54 S.W.2d 837. Statutes, as here, are penal in nature, in derogation of the common law, and should be strictly construed and applied. Washington Fidelity Nat. Ins. Co. v. Williams, Tex.Com.App., 49 S.W.2d 1093; United States Life Ins. Co. v. Hamilton, Tex.Civ.App., 238 S.W.2d 289.

In the last cited case the suit was instituted on March 15, 1950 and the record evidence disclosed that the debtor had been ready and willing at all times to pay plaintiff the claim due him; and without ever presenting the claim, the plaintiff instituted suit against the defendant for the amount that had been offered by the defendant in payment of the claim. In the course of that opinion the Fort Worth Court of Appeals held that the plaintiff was not entitled to exact attorney's fees where

the claim as not presented thirty days prior to the institution of the suit. The recital in the opinion, thirty days prior to institution of the suit, was not warranted by the statute of 1949, or an essential finding for the determination of that appeal; hence clearly dictum. The case is not an authority here. In the case at bar it is uncontroverted that the plaintiff presented his claim to the defendants before the institution of the suit. The presentment was on August 1, 1950; suit was filed on August 4, 1950. The defendants denied all liability from the beginning of the controversy and sought to defeat plaintiff's claim as presented; urged special exception to plaintiff's petition for insufficient pleadings for attorney's fee, resulting in the plaintiff amending his pleadings on March 27, 1951 in accordance with the statute of 1909 and 1923, which was not necessary under the 1949 amendment.

It will be seen that the only limitation in the Article here involved is that a period of thirty days grace is extended to the debtor, after the claim is presented, to pay or satisfy the creditor's claim, and at the expiration of the thirty-day period, if the claim has not been paid or satisfied, and the claimant should finally obtain judgment for any amount thereof as presented for payment, he may also recover a reasonable amount as attorney's fees if represented by an attorney. There is nothing in the amendment of 1949 that requires that the filing of the suit be withheld thirty days after presentment.

It may well be conceded that had the defendants paid or satisfied plaintiff's claim, or made a bona fide offer to do so within the thirty days, or had the plaintiff secured judgment against defendants within the thirty-day period, the plaintiff, perhaps, would have no justiciable cause for attorney's fees; and, too, the court costs may well have been taxed against the plaintiff; but such is not the case. The defendants categorically denied liability; had not paid or satisfied plaintiff's claim, nor offered to do so; and on trial suffered the judgment to be rendered against them seven months (May 28, 1951) after the suit was filed. Evidently they are in no position to complain for the lack of due presentment. The plaintiff having in legal effect complied with the statute in pleadings and admitted evidence, is entitled to the attorney's fees as found by the jury to be reasonable.

The purpose of pleading is to enable the court the better to attain the ends of justice, by requiring notice to be given of what is intended to be proved at the trial. The plaintiff in his original petition filed on August 4, 1950, gave such notice. Under the amendment of 1949, Article 2226, the plaintiff was not required to wait thirty days after date of presentment (August 1, 1950) to institute the suit for attorney's fees and costs. The law never requires a foolish thing to be done. The defendants having denied liability, at no time, as shown from this record, ever paid or offered to pay plaintiff's debt. Then what good would have been accomplished had plaintiff waited thirty days before institution of his suit? Plaintiff's claim has never been paid. —But if, forsooth, it could be said that the defendants were entitled to the thirty-day period of grace, they certainly had it at the time the plaintiff filed his second amended original petition on May 27, 1951; which in all legal effect completely superseded the original petition. The original petition was abandoned and passed out of the case. Thus the defendants had seven months to pay or settle plaintiff's claim, which they did not do. 8 Tex.Jur.Supp., p. 146, Sec. 95. See authorities cited; — "amendment as superseding original pleadings."

Furthermore, the trial court erred in taxing 50% of the accrued costs against the plaintiff. He was the successful party in suit, recovered the full amount of his claim, and while his claim for $550 was reduced by the court in judgment to $350 perforce of defendants' cross-action, nevertheless he was entitled to judgment for all costs incurred. Taxing all costs against the defendants is proper where the plaintiff is successful, even though the defendant interpose counter claim or cross-action against plaintiff and recover a part thereof. 11 Tex.Jur., p. 257, sec. 18; Rule 303, Texas Civil Procedure. Then, too, the costs in a case of this kind, under Art. 2226, supra, are as much recoverable by the plaintiff as are attorney's fees.

While the order of the trial court shows the basis for apportionment of the costs under Rule 139, T.R.C.P., evidently the court intended Rule 141. Under the applicable Rule 141, the trial court on exercise of sound discretion, may, for good cause, adjudge the costs otherwise than as provided by law or rules; yet it will be seen that the penalty for failure to pay or satisfy the claim as presented, and the defendant denying liability to the last, the plaintiff recovering the full amount of his claim, he is entitled to recover not only attorney's fees, but "in addition" his costs. There is no reason, as I see it, why the majority should reverse the judgment of the trial court in apportioning the court costs, and affirm the judgment denying attorney's fee. Both come under the same penal class for failure to pay plaintiff's debt as found by the jury. In the light of this record, the judgment of the trial court should be reformed allowing the plaintiff judgment as found by the jury for $250 attorney's fees, the full amount of his claim $550, less $200 awarded the defendants—$350, with 6% interest from date of judgment of the court below until paid, and all costs of suit.

I respectfully dissent to the majority in affirming the judgment of the trial court in disregarding the findings of the jury, thus denying plaintiff judgment for $250 for his attorney's fee, but am in accord with the majority in taxing all court costs against the defendants.