## PHILTEX CHEMICAL CO. v. SHEPPARD et al.

### No. 9789.

Court of Civil Appeals of Texas. Austin.

April 13, 1949.

Rehearing Denied May 4, 1949.

Don Emery, R. L. Foster, and R. B. F. Hummer, all of Bartlesville, Okl., T. L. Dyer, of Austin, E. H. Foster, C. J. Roberts, and T. M. Blume, all of Amarillo, and Black & Stayton, by Charles L. Black, all of Austin, for appellant.

Price Daniel, Atty. Gen., and W. V. Geppert, Asst. Atty. Gen., for appellee.

ARCHER, Chief Justice.

This is a suit brought by the Philtex Chemical Company, appellant herein, to recover taxes paid under protest to the State of Texas. The suit is brought under the provisions of Art. 7057b, Tex.Rev.Civ. Stats. (Vernon's Texas Civil Statutes), commonly referred to as the protest statute. The appellees, officials of the State of Texas and defendants in the trial court, contend that Philtex Chemical Company is engaged in the occupation on which a tax is levied by Art. 7047(46), Tex.Rev. Civ.Stats. (Vernon's Texas Civil Statutes), Acts 1941, 47th Legislature, p. 269, Ch. 184, Art. XI. The appellant, Philtex Chemical Company, contends, on the other hand, that neither this Article nor any other statute levies an occupation tax upon the business in which it is engaged.

It is uncontradicted that appellant is engaged in the business of producing carbon black, but not from gas, in whole or in part. It contends that the occupation tax levied by the statute above mentioned applies only where carbon black is produced from gas.

The case was tried before the trial court without a jury. Only the appellant introduced evidence, all of which was received by the court without objection by the appellees. After having received the evidence, and having heard the argument of counsel, the trial court entered judgment

for the defendants, denying Philtex Chemical Company the right to recover the taxes paid by it under protest.

The facts are that on December 18, 1947, the Attorney General of the State of Texas rendered an opinion to the Comptroller of Public Accounts, which opinion advised the Comptroller that Art. 7047(46), T.R.C.S. (Vernon's Texas Civil Statutes), levied a tax upon the "occupation of producing carbon black manufactured from (a) part natural gas and part crude oil, (b) all crude oil, and (c) refineries' residue." Opinion V–549, Attorney General of Texas (Dec. 18, 1947). Subsequently thereto, on February 17, 1948, the Comptroller of Public Accounts, by a letter addressed to the Philtex Chemical Company, made demand that it render reports and pay taxes upon its production of carbon black. A copy of the Attorney General's opinion was attached to the letter. Philtex Chemical Company acceded to this demand, but did so under protest as provided for in Art. 7057b, T.R.C.S. (Vernon's Texas Civil Statutes). No question is raised concerning the sufficiency of the grounds of protest.

The parties made an agreed statement pursuant to Rule 378 of the Rules of Practice and Procedure in Civil Actions. It recites:

"Philtex Chemical Company is engaged in the business of manufacturing carbon black in the State of Texas. The carbon black is not manufactured or produced in whole or in part from gas."

The agreed statement further recited "that the sole and only question for determination in this case is whether Art. 7047(46), T.R.C.S. (Vernon's Texas Civil Statutes), Acts 1941, 47th Leg. p. 269, Ch. 184, Art. XI, levies an occupation tax upon the Philtex Chemical Company."

■ As is noted by Point I, the only question for determination is: Does Art. 7047(46), Vernon's Texas Civil Statutes (Acts 1941, 47th Leg., H.B. No. 8, Ch. 184), levy a tax on the business or occupation of manufacturing or producing carbon black in its entirety, irrespective of the raw materials used or methods employed?

Art. 7047(46) reads:

"Occupation tax on production of lamp black.—Section 1.(a) There is hereby levied an occupation tax on every person, agent, receiver, trustee, firm, association, or co-partnership manufacturing or producing carbon black in this State, such tax to be as follows:

"1. On 'Class A' carbon black said tax to be one hundred twenty-two twelve hundredths (122/1200) of one (1) cent per pound on all such carbon black produced or manufactured where the market value is four (4) cents per pound or less, and shall be four and one tenth (4.1) per cent of the value of all such carbon black produced or manufactured where the market value is in excess of four (4) cents per pound.

"2. On 'Class B' carbon black said tax to be thirty-one two hundred fortieths (31/240) of one (1) cent per pound on all such carbon black produced or manufactured where the market value is four (4) cents per pound or less, and shall be five and two tenths (5.2) per cent of the value of all such carbon black produced or manufactured where the market value is in excess of four (4) cents per pound.

" 'Class A' carbon black as used in this Article means carbon black manufactured or produced by the use of less than two hundred (200) cubic feet of gas per pound of carbon black.

" 'Class B' carbon black as used in this Article means carbon black manufactured or produced by the use of more than two hundred (200) cubic feet of gas per pound or carbon black.

"Should one (1) or more of the classifications herein be declared for any reason to be discriminatory or unconstitutional or for any reason invalid, then there is hereby levied on all carbon black manufactured or produced in this State a tax of one hundred twenty-two twelve hundredths (122/1200) of one (1) cent per pound on all carbon black produced or manufactured where the market value is four (4) cents per pound or less, and a tax of four and one tenth (4.1) per cent of the value of all carbon black produced or manufactured

where the market value is in excess of four (4) cents per pound."

Paragraph (f) of Article 7047(46) provides:

"(f) The term 'carbon black' as herein used includes all black pigment produced in whole or in part from natural gas, casing-head gas or residue gas by the impinging of a flame upon a channel disk or plate, and the tax herein imposed shall reach all products produced in such manner."

We believe that Art. 7047(46), RCS of Texas, levies a tax upon the occupation of manufacturing carbon black only when the same is made from gas in whole or in part, and that it was the legislative intent to classify the making of carbon black from gas into the two classes, and into them only. This is giving to the language of the statute a plain as well as a literal meaning. 39 Tex.Jur. 197; Webb v. American Asphaltum Min. Co., 8 Cir., 157 F. 203.

We have been cited and use the rule as set forth by Chief Justice Nelson Phillips to be followed by courts in interpreting statutes:

"Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain." Simmons v. Arnim, 110 Tex. 309, 324, 220 S.W. 66, 70.

The caption to the Act (Acts 1941, 47th Leg., p. 269, Ch. 184, Art. XI, Sec. 1) reads:

"An Act levying and allocating certain taxes * * * containing Article XI levying an occupation tax on the manufacturing or producing of Class A and Class B carbon black in this State; defining 'Class A' and 'Class B' carbon black; defining market value, providing for the collection of said tax; providing for the method of computing the tax; providing for the keeping of records by the distributor; providing for injunctions and fixing venue; providing for penalty and interest and giving the State a lien; *defining the term 'carbon black'*; * * *."

Then, too, we have the declaration of the Legislature that it is defining and not illustrating carbon black.

"The caption is a part of the law, and is given the same effect as if it were in the body of the bill. Missouri, etc., Ry. Co. v. Mahaffey, 105 Tex. 394, 150 S.W. [881], 883. It is always proper, in the construction of a law, to refer to the caption for explanation, and it is equally permissible in the construction of the caption to refer to the body of the act." Commonwealth Ins. Co. v. Finegold, Tex.Civ.App., 183 S.W. 833, 835.

Missouri, K. & T. Ry. Co. of Texas v. Mahaffey, 105 Tex. 394, 150 S.W. 881.

The State Legislature has for many years sought to regulate the use of gas. They first (Acts 26th Leg.Reg.Ses.1899, Ch. 49, p. 68, Sec. 3) restricted the use of gas-well gas to light or fuel. This Act was amended in 1931 (Acts 1931, 42 Leg., 1st C.Ses., Ch. 26, Sec. 2) to empower the Railroad Commission to issue permits to use gas for any other purpose, etc. In 1933 further legislation was had, Acts 1933, 43rd Leg., Reg.Ses., Ch. 100, p. 222. Then House Bill 266 was passed in 1935, Acts 1935, 44th Leg., Ch. 120, p. 318, Vernon's Ann.Civ.St. Art. 6008, providing for a more comprehensive regulation of gas. This Act provided for the use of gas for carbon black, with restrictions. Further legislation was had in 1937, S.B. No. 407, Acts 1937, 45th Leg., Art. 6008a, V.A.C.S. This was followed by Acts 1941, 47th Leg., p. 117, Ch. 91, a further regulation of the use of natural gas, etc. The present Art. 7047(46) was passed at the same session, providing for an occupation tax on the manufacture of carbon black from gas.

We believe that the law is constitutional and that the Legislature may classify

occupations for purpose of taxation. Texas Company v. Stephens, 100 Tex. 628, 103 S.W. 481. Further, the levy of a tax upon an occupation producing carbon black by the use of gas is in aid of regulation, and could be prohibited, if the Legislature desired to so do.

The Legislature may impose a tax on the manufacture of carbon black in any manner, if it should care to. In the present statute the Legislature had for solution the evils attendant upon the use of gas for the manufacture of carbon black. It felt impelled to permit such use upon conditions, but it is obvious that it didn't like it, and it showed its displeasure not only by restricting the use of gas for that purpose but also in levying a tax upon such use. The tax was greater on inefficient use of gas, thus clearly disclosing the legislative intent to discourage the use of gas for carbon black manufacture, and, where used, to encourage the efficient use thereof.

 Tax statutes are construed strictly in favor of the taxpayer and against the State.

While it is believed that it clearly appears that the Legislature did not levy a tax upon the manufacture of carbon black where not made from gas, it is not necessary that it clearly appear. It is sufficient if it does not clearly appear that the Legislature intended that the tax apply to carbon black made from substances other than gas. If the statute is fairly open to construction, the doubt must be resolved in favor of the taxpayer.

The rule is aptly stated in Carpenter v. Bass, Tex.Civ.App., 142 S.W.2d 406, 408, as follows:

"The question does not involve an exemption from taxation, of the nature of which the rule of liberal construction in favor of the taxing authority and strict construction against the one claiming the exemption, is applicable. 40 Tex.Jur., 109 sec. 74; 26 R.C.L., 313, sec. 274; 61 C.J., p. 392, sec. 396. On the contrary the question is whether or not the plaintiffs come within the statutory provisions imposing the tax. In such case, contrary to the rule relating to exemptions the applicable rule of construction is that the statute should be construed strictly against the taxing authority, and liberally in favor of one sought to be held liable for the tax. The principle of the latter rule is dealt with in the following authorities: (Citing authorities)

"Under the operation of that rule if there be any ambiguity in the meaning of the word 'controls' as used in said subsection 4 of Vernon's Ann.Civ.St., art. 5221b–17(f), it is to be construed most strictly against the tax liability asserted, and, therefore, of course, most liberally in favor of nonliability."

Sheppard v. Lone Star Gas Co., Tex. Civ.App., 195 S.W.2d 1013, Writ Ref.

The appellees say that the holding in Peerless Carbon Black Co. v. Sheppard, Tex.Civ.App., 113 S.W.2d 996, 998, Writ Ref., is decisive of this case.

In the Peerless case the court had under consideration the Act of 1936, Vernon's Ann.Civ.St. art. 7047(45); subsection (a) of which, levying the tax, reads:

"(a) There is hereby levied an occupation tax on every person in this State manufacturing or producing carbon black; said tax to be one-twelfth of one cent (1/12 of 1¢) per pound on all carbon black produced or manufactured where the market value is four cents (4¢) per pound or less and three per cent (3%) of the value of all carbon black produced or manufactured where the average market value is in excess of four cents (4¢) per pound."

The court said:

"The language defining market value and carbon black is used indiscriminately, and covers and was intended to cover all carbon black or 'all black pigment produced in whole or in part from natural gas, casinghead gas or residue gas by the impinging of a flame' upon some metal device, and the methods mentioned are only illustrative."

In the Peerless case the court had before it different language of the Act of 1936. That statute contained no language similar to that now found in the Act of 1941, imposing an occupation tax on every person or corporation manufacturing or producing Class A and Class B carbon black. In

defining these two classes the Legislature did not use the word "includes" or any other word or term that could be deemed to be simply illustrative.

The Peerless case and the cases it cites hold that ordinarily the words "includes" or "including" will not be construed to be exclusive, "unless the context in which such words are used requires." It is clear that the Legislature intended that paragraph (f) should define, rather than illustrate, carbon black, and that intention must be given effect.

We do not believe that Art. 7047(46) imposed the tax on every person, etc., manufacturing or producing carbon black, except as therein provided: "1. On 'Class A'" by the use of less than 200 cubic feet, etc., and "2. On 'Class B'" by the use of more than 200 cubic feet of gas, etc., and that tax was levied and the rates fixed on the two classes of carbon black by the use of gas by any method so long as the gas as is mentioned is used.

The judgment of the trial court is reversed and judgment here rendered in favor of appellant.

Reversed and rendered.