CALVERT, Comptroller of Public Accounts, et al. v. J. M. HUBER COR- PORATION.

No. 9895.

Court of Civil Appeals of Texas. Austin.

June 21, 1950.

Rehearing Denied July 12, 1950.

Price Daniel, Atty. Gen., and W. V. Geppert, Asst. Atty. Gen., for appellants.

Howard K. Phillips, of Borger, Hazlewood & Richards, of Amarillo, for appellee.

HUGHES, Justice.

The J. M. Huber Corporation, appellee, is engaged in the business of producing carbon black, and it paid, under protest, certain occupation taxes to the State of Texas. This suit is for the recovery of those taxes, which recovery was decreed by the trial court after a non-jury trial.

Proper State officials are appellants.

It was stipulated that during the tax period involved here[1] that the carbon black produced by appellee by the furnace method from natural gas, casinghead gas, residue gas, or a combination of such gas and oil *was not produced by the impinging of a flame upon a channel disk or plate.*

It is upon the above emphasized fact that appellee seeks to avoid tax liability herein.

The first sentence of Section 1 of Sub. 46, Article 7047, Vernon's Ann.Civ.St., Acts of 1941[2], during the tax period here involved, read: "There is hereby levied an occupation tax on every person, agent, receiver, trustee, firm, association, or copartnership manufacturing or producing carbon black in this State, such tax to be as follows."

During the same period Section 1, par. (f) of the same Act read: "(f) The term 'carbon black' as herein used includes all black pigment produced in whole or in part from natural gas, casinghead gas or residue gas by the impinging of a flame upon a channel disk or plate, and the tax herein imposed shall reach all products produced in such manner."

This section was amended by the 51st Legislature in 1949, p. 1373, Acts 1949, by adding the words "or by any other method" in the fourth line after the word "plate," and by adding an "s" to the last word.

1. April through September, inclusive, and first five days of October, 1949.

2. Acts 1941, Reg.Sess., p. 293.

These legislative changes are unimportant here except as they may bear upon the proper construction to be given Section (f) prior to such amendments.

Appellee realizes that in order to sustain its position of immunity from this tax on the ground that it produces carbon black by the furnace method and not "by the impinging of a flame upon a channel disk or plate," it must overcome the opinion of this court in Peerless Carbon Black Co. v. Sheppard, Tex.Civ.App., 113 S.W.2d 996, 998 (Writ Ref.). In that case it was held, in construing the 1936 Act[3], which levied a tax on all persons manufacturing or producing carbon black, that Section (f) of such Act, which is word for word the same as Section (f) of the 1941 Act, in mentioning the methods used in such production was illustrative only. The decision of the court was based primarily upon the use of the word "includes," the court saying: "Obviously, the language, 'the term "carbon black" as herein used includes all black pigment produced in whole or in part from natural gas, casinghead gas or residue gas by the impinging of a flame upon a channel disk or plate,' was not intended to limit the language of paragraph (a) which imposed the tax upon 'every person * * * manufacturing or producing carbon black'; but the word 'includes' was used in its generally accepted sense, and as also including those manufacturing or producing carbon black by the methods named. This construction is further made manifest by the language of paragraph (f) providing, that 'the tax * * * imposed shall reach all products produced in such manner.' It will be noted that this language did not limit the tax to 'all products produced in such manner,' but provided that the tax 'shall reach all products produced in such manner,' thus clearly indicating that the tax was also imposed on products produced in other manners or by other methods."

The effect of this decision is sought to be overturned by reason of (1) the use of certain language in the caption of the 1941 Act, and (2) the opinion of this court in Philtex Chemical Co. v. Sheppard, Tex. Civ.App., 219 S.W.2d 1010 (Writ Ref.N.R. E.).

The words in the caption of the 1941 Act relied upon are, "defining * * * carbon black." These words were not in the caption to the 1936 Act. From this it is argued that Section (f) in the 1936 Act did not define carbon black and hence the decision in the Peerless case is correct, but that Section (f) in the 1941 Act does define carbon black (albeit by the use of the same words said not to be a definition) and the decision in the Peerless case is, therefore, inapplicable.

■ The argument is not convincing. The same words used under similar circumstances and concerning the same subject matter should have the same meaning. The Legislature, in passing the 1941 Act had a right to rely upon the judicial construction given by this court to Section (f) of the 1936 Act. A contrary holding would constitute a fraud by the courts upon the Legislature. In the language of the Supreme Court: "It is an elementary rule of construction that where, after a statute has been construed by the highest court of the state, the Legislature re-enacts the statute, whether by the adoption of Revised Statutes or by amendment, the act of the Legislature carries with it the construction previously placed upon the law by the court." [4]

Furthermore, the court in the Peerless case held that the 1936 Act did define carbon black, the court saying, "The language defining * * * carbon black is used indiscriminately * * *." Therefore, the words "defining * * * carbon black" in the caption of the 1941 Act added nothing to the meaning of Sec. (f).

■■ As to our opinion in the Philtex case the only question decided by us was that carbon black not produced wholly or

---

3. Acts 1936, 44th Leg., 3rd C.S., p. 2040, Ch. 495, Art. 4, Sec. 7, Art. 7047, Sec. 45, V.A.C.S.

4. Texas Fidelity & Bonding Co. v. City of Austin, 112 Tex. 229, 246 S.W. 1026, 1029.

partly from gas was not taxable under the 1941 Act. In that case we did say that Section (f) of the Act defined carbon black and was not illustrative. It is clear that in making this statement we had in mind only the question before the court which concerned the substance from which carbon black was produced and not the methods used in such production. Also, it is clear that we did not intend to depart from the holding of the Peerless case, otherwise we would not have said that the "tax was levied and the rates fixed on the two classes of carbon black by the use of gas *by any method* so long as the gas as is mentioned is used." [219 S.W.2d 1014.]

In our opinion the decision in the Peerless case is still the law and that it plainly bars the recovery awarded appellee.

The judgment of the trial court is reversed and judgment is here rendered that appellee recover nothing by its suit.

Reversed and rendered.