

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 21, 1952

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1410

Re: Authority of Gatesville State
School for Boys to pay skilled
laborers engaged in repair
work out of the $269,000 re-
pair fund in the general appro-
priation bill for the biennium
Dear Sir:                    ending August 31, 1953.

You have requested the opinion of this of-
fice on the legality of drawing warrants in favor of
skilled laborers who are engaged in repair work at
the Gatesville State School for Boys.

Section 31(b) of Article II, House Bill 426
(the general appropriation bill), Acts 52nd Leg., R.S.
1951, ch. 499, p. 1228, at p. 1300, provides in part:

"(b) . . . there is hereby appropri-
ated a further sum of Two Hundred and Sixty-
nine Thousand Dollars ($269,000) for the
repair of the Gatesville State School for
Boys at Gatesville, Texas; said money to be
appropriated to the Youth Development Coun-
cil out of the General Revenue Fund for the
biennium beginning September 1, 1951, and
ending August 31, 1953."

Under the heading "General Provisions," Sec-
tion 5 of Article VI of House Bill 426, at p. 1478,
states:

"Sec. 5. Repairs, Improvements and
Equipment.

"The terms 'Repairs, Improvements and
Equipment,' 'Repairs and Improvements' or

'Repairs and Equipment' includes all objects of expenditures in the '4,000' and '5,000' series of the Expenditure Classification section of the State Comptroller of Public Accounts publication 'Classification of Accounts,' revised to August 31, 1949, edition."

The "5000" series of the Expenditure Classification above referred to, entitled "Acquisition of Property," relates to improvements and equipment. The "4000" series, which relates to repairs, is as follows:

"4000 - REPAIRS

"4100  REPAIRS

    4110   Repairs to Lands, Buildings & Machinery - Including Contracts and Materials

    4120   Repairs to Office and Plant Equipment

    4130   Repairs to Automobiles

    4140   Other Repairs."

Your problem has arisen because salaries and wages are in the "1100" series, which is not included within Section 5, supra, and there is no classification within the repair category labeled "Wages."

We have some doubt as to the applicability of Section 5 to an appropriation for a specific "repair," where the type of repair authorized is stated in the appropriation item itself. However, assuming that Section 5 is applicable, the basic problem presented for decision is whether the statement that repairs, etc. "includes all objects of expenditure in the '4,000' and '5,000' series"[1] limits the method of using repair appropriations made throughout the entire general appropriation bill to the categories set out in the Classification of Accounts Manual. If this is a limiting provision, then repair work can be done only by the letting of lump sum contracts for a complete job, not by separately purchasing materials and hiring laborers.

---

1/  Emphasis added throughout.

The language of the $269,000 repair appropriation does not indicate that the Legislature intended the work to be done only by lump sum bid, but leaves the method to be used to the judgment of the Youth Development Council. In the absence of Section 5, _supra_, the Council would have the authority to purchase the needed materials and also to hire the necessary labor, in effect acting as its own contractor, if it found that method more economical or expedient.

In the case of _Peerless Carbon Black Co. v. Sheppard_, 113 S.W.2d 996 (Tex. Civ. App. 1938, error ref.), the court was faced with a decision as to whether the following definition was one of limitation:

> " . . . The term 'carbon black' as herein used _includes_ all black pigment produced in whole or in part from natural gas, casinghead gas or residue gas by the impinging of a flame upon a channel disk or plate, and the tax herein imposed shall reach all products produced in such manner."

The court said:

> " . . . The words 'includes and 'including' are regarded by the authorities as being identical or equivalent to each other; and the authorities uniformly hold that _unless the context in which such words are used requires_, they are never regarded as being identical with or equivalent to 'mean and include,' nor with such less elastic words and terms as 'meant,' 'meaning,' or 'by which is meant.' . . . In consequence, it follows that the use of the word 'includes,' as used in the taxing act under consideration, instead of some less elastic word or term, such as 'meaning,' 'meant,' or 'by which is meant,' would seem clearly to imply that the Legislature did not intend to use the word 'includes' as one of limitation or of enumeration, but rather of enlargement, or as illustrative of those intended to be included within the taxing act."

This same definition of the term "includes" was approved and followed in Calvert v. J. M. Huber Corporation, 231 S.W.2d 805 (Tex. Civ. App. 1950, error ref.), and Houston Bank and Trust Co. v. Lansdowne, 201 S.W.2d 834 (Tex. Civ. App. 1947, error ref. n.r.e.).

The context of Section 5, supra, does not require that the phrase "includes all objects of expenditures in the '4000' and '5000' series" be construed as a limitation on repair expenditures, and on the basis of the above decisions we are of the opinion that the categories set out in the '4000' and '5000' series are merely enlargements of, or illustrative of, the categories included within the meaning of the word "repairs." We therefore hold that the Council may hire skilled laborers to carry out the repair work at the School, and wages to the laborers are properly payable out of the $269,000 repair fund.

## SUMMARY

The definition of "Repairs" in Section 5 of Article VI, H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228, at p. 1478, is only illustrative of the categories included within the meaning of the term and is not a limitation upon the methods of expenditure of repair funds. The Gatesville State School for Boys may properly hire skilled laborers and pay them from the $269,000 repair appropriation in the general appropriation bill.

APPROVED:

C. K. Richards
Trial & Appellate Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

EWT:wb

Yours very truly,

PRICE DANIEL
Attorney General

By *E. Wayne Thode*
E. Wayne Thode
Assistant