

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 25, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-745

Re: Taxability of music coin-
operated machines, or juke
boxes, under Chp. 20, H.B.
11, 3rd C.S., 56th Leg.

Dear Mr. Calvert:

You request the opinion of this office upon whether or
not music coin-operated machines, commonly known as juke boxes,
should be included within the definition of "phonographs" under
Art. 20.01(g), H.B. 11, 3rd C.S., 56th Leg., and taxed as such.

Chapter 20 of H.B. 11 imposes miscellaneous excise taxes.
Art. 20.01(g) defines "phonographs" as

"...... the apparatus or devices, either
mechanical or electrical, commonly known and sold
as phonographs, including record players, high-
fidelity phonographs and stereophonic phonographs,
and shall also include all sub-assemblies, devices
or instruments designed for the reproduction of
sound from tuning devices, recordings of tape,
records of wire; devices designed for the ampli-
fication of sound received or reproduced by such
devices; or one or more devices designed to be
used in conjunction with other devices which when
combined will constitute a device defined as a
phonograph under this Chapter."

A tax of 3% upon the sale, distribution, or use of such
phonographs is imposed by Art. 20.02.

It is our opinion that music coin-operated machines, or
juke boxes, are not includible within this definition and hence
not taxable under these articles.

Chapter 13 of this same tax Act imposes an occupation tax
upon the "owner" or "operator" of coin-operated machines. "Music
coin-operated machines" are specifically included within this group
by Art. 13.01 (3), and that term is defined in Art. 13.01 (4) as

".....every coin-operated machine of any

kind or character, which dispenses or vends or
which is used or operated for dispensing or vend-
ing music and which is operated by or with coins
or metal slugs, tokens or checks. The following
are expressly included within said term: phono-
graphs, pianos, graphophones, radios, and all
other coin-operated machines which dispense or
vend music."

Thus, phonographs are specifically included as a type
of coin-operated machine to be taxed under Chapter 13, but no
mention is made of coin-operated machines under the definition of
"phonographs" in Chapter 20. The Legislature would presumably
not have so precisely taxed such machines under one chapter, then
have left such coverage under a later chapter to mere inference.
This would seem particularly true inasmuch as the excise tax on
phonographs (Chapter 20) is a new revenue measure with this tax
bill, and hence should clearly cover those articles subject to it,
whereas the tax on coin-operated machines was, in substance,
carried over from previous tax statutes. See Art. 7047a-2 et seq.,
V.C.S. Moreover, the definition in Chapter 20 taxes only those
machines "commonly known and sold as phonographs." Music coin-
operated machines are commonly known and sold by that name or as
"juke boxes," not phonographs.

Should the legislative intent behind the statute be deemed
so unclear as to make construction necessary, Koy v. Schneider, 110
Tex. 369, 221 S.W. 880 (1920) resort to rules or canons of construc-
tion is appropriate. Johnson v. Ferguson, 55 S.W. 2d 153 (1932),
error dism'd. One such canon is that taxing acts must be con-
strued strictly against the taxing authority and liberally in favor
of the taxpayer, where the question involved is whether or not a
certain person or thing is included within its scope. Philtex
Chemical Company v. Sheppard, 219 S.W. 2d 1010 (1949), err. ref.
n.r.e.; Texas Unemployment Compensation Commission v. Bass, 137
Tex. 1, 151 S.W. 2d 567, aff'g. Carpenter v. Bass, 142 S.W. 2d
406; State v. San Patricio Canning Co., 17 S.W. 2d 160 (1929).
Applying this rule we would again reach the conclusion that such
music coin-operated machines, or juke boxes, are not "phonographs"
under Art. 20.01(g), H.B. 11, and hence not subject to the excise
tax imposed by that Chapter.

SUMMARY

Music coin-operated machines, commonly
known as juke boxes, are not "phonographs" with-
in the definition given in Art. 20.01(g), H.B.

Honorable Robert S. Calvert, page 3          WW-745


11, 3rd C.S., 56th Leg., and hence not taxable as
such.

                          Yours very truly,

                          WILL WILSON
                          Attorney General of Texas


                          By s/James R. Irion
                              James R. Irion
                              Assistant

JRI:cm:wc

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Jack Goodman
Iola Wilcox
Gordon C. Cass

REVIEWED FOR THE ATTORNEY GENERAL

BY:  LEONARD PASSMORE