

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

*Withdrawn by WW-1498A + C87*

WILL WILSON
ATTORNEY GENERAL

December 17, 1962

Honorable Jesse James
State Treasurer of Texas
Austin, Texas

Opinion No. WW-1498

Re: Whether credit unions should
report personal property
subject to escheat under
Article 3272a, V.C.S., or
report their dormant or
inactive accounts under
Article 3272b, V.C.S.

Dear Mr. James:

You have requested the opinion of this office by asking the
following question, quoted from your letter of November 27, 1962:

"Will you please advise this department, by
official opinion, whether credit unions, organized
either under the laws of the State of Texas or of
the United States, should report personal property
subject to escheat under Article 3272a, R.C.S., or
report their dormant or inactive accounts under
Article 3272b, R.C.S."

Article 3272a, Vernon's Civil Statutes, requires all "persons"
to report personal property in their possession which is subject to
escheat. Section 1(a) of that Article defines "person" and is as
follows:

"(a) The term 'person' as used in this Article
means any individual, corporation, business association,
partnership, governmental or political subdivision or
officer, public authority, estate, trust, trustee,
officer of a court, liquidator, two (2) or more persons
having a joint or common interest, or any other legal,
commercial, governmental or political entity, except
banks, savings and loan associations, banking organiza-
tions or institutions." (Emphasis supplied.)

If credit unions are excluded from Article 3272a, by the pro-
vision quoted above, they would then come within the scope of
Article 3272b, Vernon's Civil Statutes. Article 3272b, applies
specifically to holders of personal property which are excluded in
Article 3272a, Section 1(a), supra. These holders are termed
"depositories" in Article 3272b, Section 1(a), which states:

"a. The term depository as used in this Article means any bank, savings and loan association, banking institution or organization which receives and holds for others deposits of money or its equivalent in banking practice or other personal property in this State, or in other States for residents last known to have resided in this State."  (Emphasis supplied.)

This provision uses the same generic words in defining depositories as Article 3272a, Section 1(a), uses in specifying those entities excepted from its application.  It will be noted that although Article 3272b, Section 1(a), uses additional words in describing depositories, these additional words are merely a clarification of what the Legislature meant by the terms "banking organizations or institutions" in both Article 3272a and 3272b.

Obviously, a credit union is not a bank, nor is it a savings and loan association in any strict sense.  The question then becomes whether a credit union is a "banking organization or institution" within the meaning intended by the Legislature in Article 3272a, and Article 3272b.

Title 46, V.C.S., authorizes the formation of credit unions and places them under the supervision of the State Banking Board and the Banking Commissioner.  See Articles 2463, 2465, 2484, and 2484b, V.C.S.

Article 2463, provides that ten or more residents of Texas may form a credit union and,

". . . upon approval of the State Banking Board may become a corporation upon complying with such provisions of the law regulating State banks as may be applicable to the transaction of business as herein authorized to be done. . ."

It is therefore apparent that while a credit union is not synonymous with either a bank or a savings and loan association, the Legislature considers the credit union to be quite similar in nature to these organizations and deems it desirable that credit unions be placed under similar supervision and regulation.

Federal credit unions are organized under the provisions of 12 U.S.C.A. 1753, and subject to the provisions of Title 12, Chapter 14, U.S.C.A.  The definition of a federal credit union in 12 U.S.C.A. 1752, is the same as that found in Article 2461, V.C.S., defining State credit unions.  Federal credit unions are under the supervision of the Bureau of Federal Credit Unions in the Department of Health, Education and Welfare, and the restrictions and limitations imposed by Chapter 14 and administered by that Bureau are very similar to the Texas statutes applicable to credit unions.

Article 2462, V.C.S., provides that "A credit union may receive the savings of its members in payment for shares or as deposits . . . It may lend money to its members within the limits and subject to the restrictions provided by law. . ." Article 2466, V.C.S., provides that "The by-laws of the credit unions shall prescribe: . . . 6. The conditions on which deposits may be received and withdrawn." In Article 2474, V.C.S., we find that "Shares may be issued and deposits received in the name of a minor and such shares and deposits may, in the discretion of the directors, be withdrawn by such minor or by his parent or guardian. . ."

A federal credit union may lend money to members, to the United States of America, or other specified borrowers. It may receive payments from its members on shares, and may borrow from any source amounts up to 50% of its paid-in and unimpaired capital and surplus. These powers are provided in 12 U.S.C.A. 1757. Presumably, a federal credit union may borrow money by receiving deposits from members or others.

Obviously then, credit unions exercise two of the most important banking functions, i.e., the lending of money and receiving deposits.

It is apparent that the nature of a federal credit union is not significantly different from that of a State credit union, other than being organized under federal law and subject to federal regulation.

The Legislature did not limit the scope of Article 3272a, Section 1(a), and 3272b, Section 1(a), to the words "bank" and "savings and loan association," but included the words "banking organizations and institutions." One of the principal rules of statutory construction, which we consider applicable here, is found in Texas Bank & Trust Co. v. Austin, 115 Tex. 201, 280 S.W. 161, 162 (1926):

"And yet no rule of a statutory construction is more universally recognized than that which compels the courts to give some effect to every express declaration of legislative intent. The rule is clearly stated in M.K.&T. Ry. Co. of Texas v. Mahaffey, 105 Tex. 398, 150 S.W. 881, citing Justice Harlan's Opinion for the United States Supreme Court in Montclair v. Ramsdell, 107 U.S. 152, 2 S.Ct. 395, 27 L.Ed. 431, where it is said:

'It is the duty of the court to give effect, if possible to every clause and word of a statute, avoiding, if it may be, any construction which implies that the Legislature was ignorant of the meaning of the language it employed.'"

If the words "banking organizations and institutions" are to have meaning when used in addition to the terms "bank" and "savings and loan association," in Articles 3272a and 3272b, we believe that credit unions are within the meaning of those words. Therefore, it is our opinion that both federal credit unions and State credit unions should comply with Article 3272b, and report their dormant and inactive accounts pursuant thereto.

## S U M M A R Y

Credit unions, organized under the laws of the State of Texas or of the United States, should report their dormant or inactive accounts under Article 3272b, V.C.S., rather than report personal property subject to escheat under Article 3272a, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By J. Albert Pruett, Jr.
Assistant Attorney General

JAP:ca

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
W. O. Shultz
Tom Peterson
Malcolm Quick
Marietta Payne

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore